942 F.2d 793
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Philip D. ROBERTS, Lynn Roberts, Robert T. McArthur, William
J. Freschi, Denny Delk, Karen Delk, on behalf of
themselves and all other similarly
situated, Plaintiffs-Appellees,
v.
AMERICAN ENERGY RESOURCES, INC., Defendant,
and
Robert D. RADCLIFFE, Esq., Appellant.
 No. 90-16504.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1991.*
Aug. 30, 1991.
As Amended Feb. 21, 1992.
 
 Before BROWNING, FARRIS and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant Robert Radcliffe, an attorney, appeals the imposition of sanctions against him in these three consolidated cases. The sanctions were imposed against Radcliffe for deliberately misleading the district court. We affirm in part, reverse in part, and dismiss in part.
 
 Jurisdiction
 
 3
 Appellees filed a motion to dismiss, arguing this court has no jurisdiction over Radcliffe's interlocutory appeal in any of these three consolidated cases. We conclude we have no jurisdiction to hear case number CV-88-3373-TEH, but do have jurisdiction over case numbers CV-84-08069-TEH and CV-87-06174-TEH.
 
 
 4
 In all three cases, Radcliffe was sanctioned for his conduct in his capacity as counsel for Werner Heim, a party to the underlying actions. However, in case number CV-88-3373-TEH, Radcliffe is himself a party. Accordingly, he may obtain review of the sanctions order in this case after final judgment is entered. Johnny Pflocks, Inc. v. Firestone Tire & Rubber Co., 634 F.2d 1215, 1216 (9th Cir.1980). We therefore have no jurisidction over the appeal of case number CV-88-3373-TEH.
 
 
 5
 We do have jurisdiction over the interlocutory appeal in case numbers CV-84-08069-TEH and CV-87-06174-TEH. Radcliffe is not a party in those cases and hence may appeal the interlocutory sanction orders. Estate of Bishop v. Bechtel Power Corp., 905 F.2d 1272, 1275 (9th Cir.1990).
 
 
 6
 We reject appellees' argument that we lack jurisdiction over the appeal in these two cases because of an alleged congruence of interests between Radcliffe and his clients. See In re Coordinated Pretrial Proceedings in Petroleum Products Antitrust Litigation, 747 F.2d 1303, 1305 (9th Cir.1984); Kordich v. Marine Clerks Ass'n, 715 F.2d 1392, 1393 (9th Cir.1983). We perceive no such congruence of interests. Unlike the attorneys in Coordinated Pretrial Proceedings and Kordich, Radcliffe alone will bear the costs of the sanctions order; his clients are not exposed to liability. Nor may Radcliffe make the kinds of decisions ordinarily made by a party during litigation. Compare Coordinated Pretrial Proceedings, 747 F.2d at 1306 (State Attorney General may not obtain immediate review of a sanctions order because he acts as both counsel and party). Accordingly, we reach the merits of Radcliffe's contentions in case numbers CV-84-08069-TEH and CV-87-06174-TEH.
 
 Procedural Errors
 
 7
 Radcliffe's argument that we should set aside the sanctions order because Radcliffe was not afforded a sufficient opportunity to object to a special master's report recommending sanctions be imposed against him is meritless. Radcliffe was given a full adversary hearing before the presiding district court judge who independently reviewed the entire record before imposing sanctions. The fact that the district court had earlier entered an order adopting the special master's report was of no consequence.
 
 Propriety of the Sanction Orders
 
 8
 We review an order imposing sanctions for an abuse of discretion. Cooter & Gell v. Hartmarx, 110 S.Ct. 2447, 2461 (1990).
 
 
 9
 The district court acted within its discretion in finding Radcliffe deliberately misrepresented his client's status as a party to the April 7, 1989, motion. The court could reasonably reject Radcliffe's argument that he was unaware of his client's status as a party; Radcliffe admitted he informed the attorney who filed the motion that he wanted his client listed as a party to the motion. Radcliffe's argument that the district court made insufficient findings with respect to his state of mind is meritless. No such findings are necessary. Toombs v. Leone, 777 F.2d 465, 471 (9th Cir.1985).
 
 
 10
 The $5,000 penalty imposed pursuant to the district court's inherent powers was reasonably related to the court's stated goals of reprimanding and deterring Radcliffe. The district court was not required to make a specific finding that the sanction was necessary to vindicate the dignity of the court.
 
 
 11
 Radcliffe was properly charged with plaintiffs' expenses in travelling to Switzerland to depose Werner Heim. The district court could reasonably conclude these expenses would not have occured but for Radcliffe's misrepresentation. There is nothing in the record to support Radcliffe's assertion that plaintiffs', American citizens represented by American counsel, would have sent their attorney to Switzerland if the court ordered Heim to be present in the United States.
 
 
 12
 Radcliffe's argument that the amount of attorney's fees charged to him was not properly documented is meritless. Contemporaneous documentation was submitted to the district court.
 
 
 13
 With one exception, the claimed expenses were also sufficiently documented. However, no documentation supports the $1,707.68 claimed for food and lodging in Switzerland. On the assumption that the one day deposition required the presence of counsel for no more than two days, we reduce the award of sanctions by $850.
 
 
 14
 To this extent the sanctions order in case numbers CV-84-08069-TEH and CV-87-06174-TEH is REVERSED. In all other respects, the sanctions order in case numbers CV-84-08069-TEH and CV-87-06174-TEH is AFFIRMED. The appeal in case number CV-88-03373-TEH is DISMISSED for lack of jurisdiction. Radcliffe shall bear the costs of this appeal.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3