634 F.2d 1215
 JOHNNY PFLOCKS, INC., a corporation dba Stocker Tire
Service, Plaintiff/Appellant,
v.
The FIRESTONE TIRE & RUBBER COMPANY, a corporation,
Trans-State Tire Service, Inc., a corporation,
Defendants/Appellees.
 No. 80-4347.
 United States Court of Appeals,
Ninth Circuit.
 Dec. 29, 1980.
 
 Peter G. Bertrand, Dinkelspiel & Dinkelspiel, San Francisco, Cal., for plaintiff/appellant.
 John M. Kelson, Peitit & Martin, David E. Lombardi, Jr., Lombardi & Lombardi, San Francisco, Cal., for defendants-appellees.
 Before WALLACE, SCHROEDER, and BOOCHEVER, Circuit Judges.
 BOOCHEVER, Circuit Judge.
 
 
 1
 Johnny Pflocks, Inc. brought suit against Firestone Tire & Rubber Company. On May 16, 1980, the district court entered an order compelling Pflocks to answer Firestone's first interrogatories and to pay $7,862 in attorneys' fees and costs as a sanction for its previous failure to provide complete answers. On June 20, 1980, the court clarified that it had awarded expenses pursuant to Federal Rule of Civil Procedure 37(a)(4).[1] After Pflocks appealed the order awarding the expenses, Firestone moved this court to dismiss for lack of jurisdiction. We grant Firestone's motion.
 
 
 2
 Discovery orders and sanctions in the nature of civil penalties are normally deemed interlocutory and thus nonappealable by the parties. See David v. Hooker, Ltd., 560 F.2d 412, 415 (9th Cir. 1977); In Re Letters Rogatory From City of Haugesund, Nor., 497 F.2d 378, 380-81 (9th Cir. 1974); 8 Wright and Miller, Federal Practice and Procedure: Civil § 2006, at 29-34 (1970). Courts have created narrow exceptions to this rule for orders dismissing actions, granting default judgments, and for some orders affecting nonparties. See David v. Hooker, Ltd., supra, 560 F.2d at 415-17; 9 Moore's Federal Practice P 110.13 (1)-(4), (2d ed.1980).
 
 
 3
 Pflocks argues that the order compelling payment of expenses is final and appealable as an exception recognized in Cohen v. Beneficial Loan Corp., 337 U.S. 541, 546-47, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), in that it is "in no way an ingredient of any cause of action in the suit and does not require consideration with any issue in the pending action." Cohen involved an appeal from an order denying a motion seeking security for expenses of defending a shareholders derivative suit pursuant to a state statute. An appeal after trial would have been fruitless. Cohen, clearly indicates that appeals may not be taken from orders that "effectively may be reviewed and corrected if and when final judgment results" 337 U.S. at 546. Here the order requiring payment of costs and fees can be reviewed and corrected when final judgment is entered. There is no need for treating such an issue piece-meal.
 
 
 4
 Pflocks relies on State of Ohio v. Arthur Andersen & Co., 570 F.2d 1370 (10th Cir.), cert. denied 439 U.S. 833, 99 S.Ct. 114, 58 L.Ed.2d 129 (1978). In that case appellant sought relief from sanctions imposed under Rule 37(b)(2), for noncompliance with discovery orders.[2] The court accepted the appeal under its reading of Cohen. Id. at 1372.
 
 
 5
 The Temporary Emergency Court of Appeals recently held that it lacked jurisdiction to consider an appeal of an order imposing sanction under Rule 37(b)(2) for giving false answers to interrogatories. Evanson v. Union Oil Co., 619 F.2d 72, 74 (Em.App.1980). The court noted that the Cohen exception was not meant to "apply to the mass of cases involving interlocutory discover orders," id., and refused to follow the expansive view of "finality" taken by the Tenth Circuit in Arthur Andersen. We also refuse to follow this expansive view and adhere to the majority position[3] that a party may not appeal this type of discovery order prior to final judgment.
 
 
 6
 The motion is granted[4] and the appeal is dismissed.
 
 
 
 [1]
 Rule 37(a)(4) permits a district court to award "reasonable expenses incurred in obtaining (an order compelling discovery), including attorney's fees, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust."
 
 
 [2]
 Rule 37(b)(2) permits the same award of reasonable expenses as does Rule 37(a)(4) when a party has failed to comply with an order compelling discovery
 
 
 [3]
 See generally 8 Wright & Miller, Federal Practice and Procedure: Civil § 2006, at 29-34 (1970)
 
 
 [4]
 Firestone argues that the appeal is so frivolous as to justify award of costs and fees under Fed.R.Civ.P. 37. We reject this argument because Pflocks, in good faith, relied on the Arthur Andersen decision