Dennis KORDICH, et al., Plaintiffs,

v.

MARINE CLERKS ASSOCIATION, et al., Defendants,

and

International Longshoremen's and Warehousemen's Union, Local 13; and International Longshoremen's and Warehousemen's Union, Defendants-Appellees.

Merrill, Schultz, Hersh & Stoll, Appellant.

No. 83–5671.

United States Court of Appeals, Ninth Circuit.

Submitted July 11, 1983.

Decided Sept. 15, 1983.

Patricia Zugibe, Merrill, Schultz, Hersh & Stoll, Newport Beach, Cal., for appellant.

George E. Shibley, Long Beach, Cal., William H. Carder, Leonard & Carder, San Francisco, Cal., for defendants-appellees.

Before TANG, HUG, and NORRIS, Circuit Judges.

PER CURIAM:

Appellant Merrill, Schultz, Hersh & Stoll represented the plaintiffs in this action at

the time that a motion for a temporary restraining order was filed. Appellant seeks to challenge the district court's orders imposing sanctions on the firm and its clients because the court found the motion to be frivolous.

 The appeal must be dismissed for lack of jurisdiction. Appellant contends that an order compelling a non-party to pay attorney fees and costs is immediately appealable as a final order. We agree. *Reygo Pacific Corp. v. Johnston Pump Co.,* 680 F.2d 647 (9th Cir.1982). It is equally true, however, that an order compelling a party to pay fees and costs is not appealable prior to the entry of final judgment. *Johnny Pflocks, Inc. v. Firestone Tire & Rubber Co.,* 634 F.2d 1215 (9th Cir.1980). Thus, had the orders at issue here imposed liability solely on appellant, we would clearly have jurisdiction; had they imposed liability solely on plaintiffs, we would not. We must decide where to draw the line when the liability is joint and several.

We are persuaded by the reasoning of the Third Circuit in *Eastern Maico Distributors, Inc. v. Maico-Fahrzeugfabrik,* 658 F.2d 944 (3d Cir.1981), that jurisdiction is lacking here. As in that case, the congruence of interests between attorney and client here is so great that counsel's status as a non-party is questionable. We see no reason to permit indirectly through the attorney's appeal what the client could not achieve directly on its own: immediate review of interlocutory orders imposing liability for fees and costs.[1] The orders are fully reviewable on appeal after final judgment is entered.[2]

This appeal is DISMISSED.

---

1. That appellant withdrew from representation of plaintiffs after the sanctions were imposed is of no moment. The availability of an interlocutory appeal should be determined as of the date the challenged order is entered; absent extraordinary circumstances, subsequent factual developments can neither create nor defeat this court's jurisdiction. To accord any consequence to appellant's withdrawal would also create exactly the same possibility found unacceptable by the Third Circuit in *Eastern Maico:* a route for appellate review occasioned solely by counsel's actions. 658 F.2d at 949.

2. Dismissal of this interlocutory appeal will not cause appellant any harm. The sanctions in this case run jointly and severally against appellant and its former clients, and may be merged into or modified by the final judgment. Should any attempt be made to enforce the award, the district court could be requested to stay enforcement and further review might be available in this court should such a request be denied—by petition for a writ of supervisory mandamus if not by appeal. We need not decide which, if either, of these remedies might be available in such circumstances.