## In re COORDINATED PRETRIAL PROCEEDINGS IN PETROLEUM PRODUCTS ANTITRUST LITIGATION.

### STATE OF WASHINGTON, on behalf of itself and its public entities and residents, Plaintiff-Appellant,

v.

### STANDARD OIL COMPANY OF CALIFORNIA; Texaco, Inc.; Union Oil Company of California; Atlantic Richfield Company; Exxon Corporation; Getty Oil Corporation; Gulf Oil Corporation; Mobil Oil Corporation; Phillips Petroleum Company; and Shell Oil Company, Defendants-Appellees.

No. 82–6092.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 3, 1983.

Decided Nov. 23, 1984.

Jon P. Ferguson, John R. Ellis, Sr. Asst. Atty. Gen., Seattle, Wash., for plaintiff-appellant.

Robert A. Mittelstaedt, Pillsbury, Madison & Sutro, San Francisco, Cal., for defendants-appellees.

Before KENNEDY, SKOPIL, and PREGERSON, Circuit Judges.

KENNEDY, Circuit Judge:

This appeal arises out of an antitrust action commenced by the State of Washington against certain oil companies on August 15, 1977. While the case was in the discovery stage, a television broadcast of the "NBC Nightly News" disclosed that an individual, presumably an oil company employee, had acted as a confidential informant by giving the State of Washington vital information regarding price fixing by defendants. Two days after the broadcast, defendant Standard Oil of California served an interrogatory upon all state plaintiffs requesting the name, address, employer, and employment position of the individual identified on the broadcast as the confidential informant. The State of Washington, through its Attorney General, Kenneth O. Eikenberry, objected to the interrogatory and refused to provide the requested information on the ground that the information was protected by the "informant's privilege" and, therefore, was not subject to disclosure. *See Roviaro v. United States*, 353 U.S. 53, 59–61, 77 S.Ct. 623, 627–628, 1 L.Ed.2d 639 (1957).

The district court ordered disclosure of the informant's identity to a Standard Oil attorney for the purpose of an *in camera* deposition subject to review and control by further order of the court. The attorney

was not to divulge the informant's identity. The State of Washington appealed the order under 28 U.S.C. § 1292(b), but we dismissed the appeal on jurisdictional grounds. Next, Eikenberry refused to comply with the district court order and was found in civil contempt. The Attorney General appealed both the contempt order and the initial order requiring disclosure, again pursuant to section 1292(b). We reversed and remanded. *Eikenberry v. Standard Oil Co.,* 679 F.2d 897 (9th Cir. 1982). We recited there that the jurisdictional basis for the appeal was section 1292(b), but the appellant here advises that this was incorrect. The record on this point is unclear, but, in any event, the supervening case of *Kordich v. Marine Clerks Ass'n,* 715 F.2d 1392 (9th Cir.1983), indicates that there is no jurisdiction for a section 1291 appeal as discussed below.

On remand the district court determined that, although the informant's privilege applied to the case, it had been waived by the state. Consequently, the district court ordered disclosure of the informant's identity to Standard Oil's counsel. After Eikenberry again refused to comply with the disclosure order, the district court once more held him in civil contempt. The instant appeal followed under 28 U.S.C. § 1291. We do not reach the merits of Eikenberry's argument regarding the informant's privilege, for we conclude we lack jurisdiction of the appeal.

Jurisdiction under section 1291, as a general rule, extends only to final decisions by the district court. Eikenberry contends that he may appeal the order imposing sanctions, as he is not a party to the suit, and the order, as to him, is final under section 1291. *See Reygo Pacific Corp. v. Johnston Pump Co.,* 680 F.2d 647, 648 (9th Cir.1982); *Liew v. Breen,* 640 F.2d 1046, 1048 (9th Cir.1981); *David v. Hooker, Ltd.,* 560 F.2d 412, 415–16 (9th Cir.1977); *In re Fish & Neave,* 519 F.2d 116 (8th Cir.1975); *Fenton v. Walling,* 139 F.2d 608, 610 (9th Cir.1943). Ordinarily, a nonparty may appeal either a contempt order or a discovery sanction before final judgment in the un-

derlying action if the order or sanction is directed at him. Such orders are deemed final under 28 U.S.C. § 1291. This rule of appealability is not applicable, however, if there is a substantial congruence of interests between the nonparty and a party to the action. *Kordich,* 715 F.2d at 1393; *Eastern Maico Distributors, Inc. v. Maico-Fahrzeugfabrik,* 658 F.2d 944, 950–51 (3d Cir.1981). This follows from the principle that appealability under section 1291 must be given a "practical rather than technical construction." *Firestone Tire & Rubber Co. v. Risjord,* 449 U.S. 368, 374, 101 S.Ct. 669, 673, 66 L.Ed.2d 571 (1981). The section must be construed in light of the underlying purpose to avoid piecemeal review and its attendant delay. *See Risjord,* 449 U.S. at 374, 101 S.Ct. at 673; *Eastern Maico Distributors, Inc.,* 658 F.2d at 947.

In *Kordich* the district court imposed sanctions for a frivolous motion and held both the party and its attorney jointly and severally liable. The attorney appealed the sanctions against him while the underlying action was yet pending in the district court. We dismissed the appeal for lack of jurisdiction, explaining that:

[T]he congruence of interests between attorney and client here is so great that counsel's status as a non-party is questionable. We see no reason to permit indirectly through the attorney's appeal what the client could not achieve directly on its own: immediate review of interlocutory orders imposing liability for fees and costs.

*Id.* at 1393.

We find a congruence of interests between Eikenberry and the state in this case, and hold therefore that the order may not be severed from the primary action or treated as final. The case differs from *Kordich* in that the sanctions were imposed directly on Eikenberry and not jointly upon him and the state. However, other factors compel the conclusion that there is a congruence of interest between Eikenberry and the state. First, Eikenberry does not deny that the state ultimately will pay the cost of all sanctions against him. The con-

tempt order, therefore, does not place appellant directly at risk. The lack of personal risk to Eikenberry is further demonstrated by the fact that Judge Gray has stayed the sanctions pending the outcome of this appeal. As we explained in *Kordich,* "[d]ismissal of this interlocutory appeal will not cause appellant any harm." *Id.* at 1393 n. 2. *Cf. Union of Professional Airmen v. Alaska Aeronautical Industries,* 625 F.2d 881 (9th Cir.1980) (the payment of sanctions against a nonparty by his employer prior to appeal moots the appeal).

■ Second, in the role of Attorney General, Eikenberry is not only the counsel for Washington but also the state official in charge of initiating and conducting the course of litigation. The determination whether to bring an action rests within the sole discretion of the Attorney General. *Boe v. Gorton,* 88 Wash.2d 773, 776, 567 P.2d 197, 199 (1977) (en banc); *Berge v. Gorton,* 88 Wash.2d 756, 761, 567 P.2d 187, 191 (1977) (en banc). It is the Attorney General who has the authority to prosecute the suit. Wash.Rev.Code Ann. § 43.10.-030(2) (1983). The complaint in this case stated that the action was brought by the State of Washington "by and through its Attorney General."

The Attorney General controls the strategy and tactics of the suit, and is the final arbiter of when to resist a discovery order in lieu of risking contempt and its sanctions while continuing litigation. In this regard, the case is unlike *In re Irving,* 600 F.2d 1027 (2d Cir.1979). There the general counsel of the NLRB was held entitled to appeal contempt orders directed against him as a prospective witness in a criminal case. The first contempt order was a criminal contempt and appealable on that basis alone. The second contempt order was civil and appealable on the ground that the Board's counsel had no control over the prosecution in which the document was ordered produced. The very control absent in *Irving* is present here, for the Attorney General is the principal officer of the state charged with bringing the suit. In these circumstances, we conclude that the State

Attorney General has a sufficient congruence of interest with the State of Washington to bring the case under the rule of *Kordich* and render the order nonappealable.

It is true that in *Kordich* we observed "had the orders at issue here imposed liability solely on [the parties' counsel], we would clearly have jurisdiction." *Kordich,* 715 F.2d at 1393. In the context of *Kordich,* that statement was correct, as the traditional relation between attorney and client pertained, the attorney having no control over the ultimate determination to prosecute the case. Where the traditional attorney-client relation exists, congruence of interest for purposes of appealability will usually turn on whether the discovery order is directed to the attorney alone or jointly to the attorney and to the party. *Compare Liew,* 640 F.2d at 1048, *with Kordich,* 715 F.2d at 1393. In the case before us, a congruence of interest exists because the Attorney General is the principal officer of the party conducting the litigation. That fact also serves to distinguish our holding in *David v. Hooker, Ltd.,* 560 F.2d at 417, where we held that a corporate officer can appeal a discovery order in a case where the corporate entity, but not the officer, is the party to the suit. And here, as in *Kordich* but not *Hooker,* the ruling can be appealed as a part of the final judgment, since the discovery order was directed to the State of Washington, not the Attorney General individually.

Under the circumstances of this case, we cannot consider Attorney General Eikenberry a nonparty for the purpose of appealing the contempt sanction. Therefore, the general rule precluding a party from taking an interlocutory appeal of a contempt order applies. *Johnny Pflocks, Inc. v. Firestone Tire & Rubber Co.,* 634 F.2d 1215, 1216 (9th Cir.1980). The appeal is dismissed for lack of jurisdiction.

DISMISSED.