**SANDERS ASSOCIATES, INC. and Calcomp. Inc., Plaintiffs–Appellees,**

v.

**SUMMAGRAPHICS CORPORATION, Defendant–Appellant,**

and

**James David Jacobs, Appellant.**

**93–1367.**

United States Court of Appeals, Federal Circuit.

Aug. 10, 1993.

Ralph Gregory Elliot, Tyler Cooper & Alcorn, Hartford, CT, for defendant-appellant and appellant.

Martin J. O'Donnell and Robert A. Cesari, Cesari & McKenna, Boston, MA, for plaintiffs-appellees.

Before RICH, Circuit Judge, COWEN, Senior Circuit Judge, and SCHALL, Circuit Judge.

### ON MOTION

RICH, Circuit Judge.

### ORDER

Sanders Associates, Inc. and Calcomp, Inc. move to dismiss the appeal of Summagraphics Corporation and James David Jacobs for lack of jurisdiction. Summagraphics and Jacobs oppose.

On March 31, 1993, the United States District Court for the District of Connecticut issued an order imposing sanctions against Summagraphics and Jacobs, attorney for Summagraphics, in the amount of $1,000 each for conditioning portions of over $45,000 in payments to a potential witness on the favorable outcome of the litigation.[1] Summagraphics and Jacobs appealed the sanction order. Sanders Associates and Calcomp move to dismiss.

---

**1.** The district court discussed the conduct of Summagraphics and Jacobs in view of 18 U.S.C. § 201(c)(2) (1988) and District Court Local Rule 3(a) and determined that sanctions were warranted.

In determining the appealability of the sanction order, Summagraphics and Jacobs urge the court to follow the law of the Second Circuit. The Second Circuit allows immediate appeal of sanctions imposed simultaneously against a party and its attorney pursuant to the collateral order doctrine of *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949).[2] *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 882 F.2d 682 (2d Cir.1989). However, in *Woodard v. Sage Products, Inc.*, 818 F.2d 841, 844, 2 USPQ2d 1649, 1651 (Fed.Cir. 1987) (in banc), this court stated:

> While in some matters of procedural or substantive law this circuit has concluded that we will follow the law as interpreted by the circuit in which the district court is located, *see, e.g., Atari, Inc. v. JS & A Group, Inc.*, 747 F.2d 1422, 1439–40, 223 USPQ 1074, 1087 (Fed.Cir.1984), such deference is inappropriate on issues of our own appellate jurisdiction. This court has the duty to determine its jurisdiction and to satisfy itself that an appeal is properly before it.

Thus, because the appealability of the sanction order relates directly to the issue of our own jurisdiction, this court will determine its own jurisdiction to hear this appeal.

This court has not ruled specifically on the issue of whether an order imposing sanctions simultaneously against a party and its attorney is immediately appealable. In *M.A. Mortenson Co. v. United States*, 877 F.2d 50 (Fed.Cir.1989), we addressed a related issue. In that case, we held that an order imposing sanctions against a party clearly was not a final order appealable under 28 U.S.C. § 1295 or an interlocutory order appealable under 28 U.S.C. § 1292(c). *Mortenson*, 877 F.2d at 51. The court held further that, assuming the first two prongs of the collateral order doctrine were satisfied, the sanction order had not been shown to satisfy the third prong, *i.e.*, that the order was effectively unreviewable on appeal from a final judgment. *Id.* The court noted that the sanc-

tioned party had not shown that any irreparable harm would stem from immediate payment of the sanction. *Accord Mulay Plastics, Inc. v. Grand Trunk Western R.R.*, 742 F.2d 369 (7th Cir.1984), *cert. denied*, 470 U.S. 1037, 105 S.Ct. 1409, 84 L.Ed.2d 798 (1985).

There is disagreement among the circuits on whether an attorney for a party may appeal a sanction order issued against the attorney alone or against the attorney and the party together. In resolving the issue of whether an attorney sanctioned alone may immediately appeal a sanction order, the circuit courts generally look to the third requirement of the *Cohen* collateral order doctrine, *i.e.*, whether the sanction order is effectively unreviewable on appeal after final judgment. The analysis turns on whether the attorney is considered a party or a nonparty to the underlying suit.

The Second, Seventh, Eighth, and Eleventh Circuits have concluded that when an attorney, but not the party, is sanctioned the attorney is a non-party and may be precluded from seeking later review of the sanction order if the underlying action is settled or is not appealed. Hence, these circuits hold that an attorney for a party may immediately appeal a sanction order pursuant to the collateral order doctrine of *Cohen. See, e.g., Cheng v. GAF Corp.*, 713 F.2d 886 (2d Cir. 1983); *Sanko S.S. Co. v. Galin*, 835 F.2d 51 (2d Cir.1987); *Frazier v. Cast*, 771 F.2d 259 (7th Cir.1985); *Crookham v. Crookham*, 914 F.2d 1027 (8th Cir.1990); *Transamerica Commercial Fin. Corp. v. Banton, Inc.*, 970 F.2d 810 (11th Cir.1992); *DeSisto College, Inc. v. Line*, 888 F.2d 755 (11th Cir.1989), *cert. denied*, 495 U.S. 952, 110 S.Ct. 2219, 109 L.Ed.2d 544 (1990).

In *Cheng*, the Second Circuit permitted an immediate appeal by a sanctioned attorney because the attorney, "as a non-party, may never receive any appellate review of the fee award if he is denied that opportunity now." *Cheng*, 713 F.2d at 890. In *Frazier*, a sanction order against an attorney for a party

---

**2.** To fall within the small class of decisions excepted from the final judgment rule by *Cohen*, the order must (1) conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the ac-

tion, and (3) be effectively unreviewable on appeal from a final judgment. *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978).

was found to be immediately appealable. Applying the *Cohen* test, the Seventh Circuit reasoned that

> because the sanctions are imposed against a non-party, the order is not reviewable on appeal from a final judgment. The parties may settle, so that the district court could never enter a final judgment. Alternatively [the party] could elect not to appeal whatever final determination is made, thereby possibly precluding his attorney from appealing the sanction order.

*Frazier*, 771 F.2d at 262.

Based on similar reasoning, the Eleventh Circuit in both *DeSisto* and *Transamerica* concluded that an order imposing sanctions against an attorney was immediately appealable pursuant to *Cohen*. "[W]ithout immediate review, counsel's right to challenge the sanctions might be forever lost." *DeSisto*, 888 F.2d at 763. The *Transamerica* court stated that

> an attorney ... as a non-party may not be able to seek review of a sanction imposed on him or her upon appeal from a final judgment against all parties. There may be no appeal from a final judgment, because the remaining defendants may settle or may decide not to appeal.

*Transamerica*, 970 F.2d at 815.

The Eighth and Ninth Circuits each have held that an order imposing sanctions only against an attorney for a party is a final order pursuant to 28 U.S.C. § 1291 and is, therefore, immediately appealable. *See Crookham*, 914 F.2d at 1029, n. 4; *Reygo Pac. Corp. v. Johnston Pump Co.*, 680 F.2d 647, 648 (9th Cir.1982).

In contrast, the First, Third, Fifth, and Tenth Circuits have determined that the appeal of a sanction order issued only against an attorney for a party must await final judgment. These circuit courts have concluded that such sanction orders do not satisfy the third prong of the *Cohen* collateral order analysis because the order is reviewable after final judgment is entered. *See, e.g., In re Licht & Semonoff*, 796 F.2d 564 (1st Cir.1986); *Eastern Maico Distribs. v. Maico-Fahrzeugfabrik*, 658 F.2d 944 (3d Cir. 1981); *Click v. Abilene Nat'l Bank*, 822 F.2d 544 (5th Cir.1987); *G.J.B. & Assocs. v. Singleton*, 913 F.2d 824 (10th Cir.1990). The First and Third Circuits also have suggested that such sanction orders may not be entirely separable from the underlying case and therefore do not satisfy the second prong of the *Cohen* analysis either. *Licht*, 796 F.2d at 570; *Eastern Maico*, 658 F.2d at 947.

In *Licht*, the First Circuit concluded that an attorney actively representing a party is not akin to a non-party in the underlying suit because "an attorney is involved in all aspects of the case." *Licht*, 796 F.2d at 570. The court also determined that the sanction order was not collateral to the underlying case because the sanctions were imposed as a result of the firm's conduct of discovery and "cannot realistically be considered a separate matter from the ongoing case." *Id.*

The *Licht* court further determined that no harm would befall the attorney by postponing the appeal of a sanction order until final judgment is entered. The court perceived no reason why an attorney of record should not be allowed to appeal a sanction order even if the main case was terminated without a party appealing. *Licht*, 796 F.2d at 572. The court reasoned that a sanction order is best appealed after final judgment is entered, as the appellate court could then review the sanction order against the background of the case as a whole. The court added that this would be more efficient and cost effective. *Id.*

Similarly, in *G.J.B. & Assocs.*, the Tenth Circuit held that "a sanction order against counsel currently of record is not appealable under the *Cohen* collateral order exception to the final judgment rule." *G.J.B. & Assocs.*, 913 F.2d at 829. The court rejected, as did the *Licht* court, "any notion that an attorney risks losing the right to appeal if the parties settle or elect not to appeal from the final judgment" and stated, "[w]e see nothing to prohibit an attorney of record from appealing a sanction order when the main case concludes." *Id.; see also Click*, 822 F.2d at 545 (order awarding Fed.R.Civ.P. 11 sanctions against attorney is neither final nor appealable under the collateral order doctrine of *Cohen* because order would be appealable when merged into the final judgment).

In *Eastern Maico*, the Third Circuit held that an order imposing sanctions against an attorney for violation of discovery orders did not satisfy either the second or third criteria of *Cohen* and therefore was not immediately appealable as a collateral order. *Eastern Maico*, 658 F.2d at 947. The court determined that "the congruence of interests here is so great that [the attorney's] status as a non-party is arguable." *Eastern Maico*, 658 F.2d at 950; *cf. Eavenson, Auchmuty & Greenwald v. Holtzman*, 775 F.2d 535, 539–40 (3d Cir.1985) (allowing immediate appeal of sanction order against attorney no longer of record).

Some circuit courts have ruled on the appealability of a sanction order issued jointly and severally against the attorney for a party and the party. The Second and Eleventh Circuits maintain that in this situation the attorney sanctioned and the party are allowed to immediately appeal the sanction order. *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 882 F.2d 682 (2d Cir.1989); *Ortho Pharmaceutical Corp. v. Sona Distribs.*, 847 F.2d 1512 (11th Cir.1988).

The *Hoar* court determined that an attorney, even when sanctioned along with the party he or she represents, is still a non-party to the action and may be precluded from seeking review of the sanction order after final judgment. "[T]he right to review of the district court's order that imposed the sanction on appellants can be guaranteed only by the option of one immediate interlocutory appeal." *Hoar*, 882 F.2d at 686. To promote judicial efficiency, the party was permitted to join the interlocutory appeal. *Hoar*, 882 F.2d at 687. In *Ortho*, the court conclusively stated that

> "[w]hen a Rule 11 sanctions [sic] directs a non-party (jointly and severally with parties to the action or alone) to pay immediately—that is, before entry of final judgment—significant attorney fees and costs, this court has jurisdiction to hear immediate appeal of the sanction order."

*Ortho*, 847 F.2d at 1515.

The Seventh Circuit, while allowing immediate appeal of sanctions imposed against an attorney only, specifically declined to "decide whether sanctions imposed ... against an attorney and a party, or a party alone, would be appealable under *Cohen*." *Frazier*, 771 F.2d at 262, n. 1.

Although the Ninth Circuit ruled that an order imposing sanctions only against an attorney for a party is immediately appealable as a final order, that court reached a different conclusion when sanctions were imposed against both an attorney for a party and the party. In *Kordich v. Marine Clerks Ass'n*, 715 F.2d 1392 (9th Cir.1983), the Ninth Circuit expressly agreed with the reasoning of the Third Circuit in *Eastern Maico*, finding that "the congruence of interests between attorney and client here is so great that counsel's status as a non-party is questionable. We see no reason to permit indirectly through the attorney's appeal what the client could not achieve directly on its own." *Kordich*, 715 F.2d at 1393. Thus, the *Kordich* court disallowed immediate appeal of the sanction orders and held that the orders were reviewable on appeal after the entry of final judgment. *Kordich*, 715 F.2d at 1393.

The *Hoar*, *Ortho*, and *Kordich* cases involved circumstances where the attorney and the party were held jointly and severally liable for payment of the sanctions. In *Eastern Maico*, the Third Circuit addressed a situation where an attorney for a party and the party were sanctioned in separate orders. The attorney and the party were not held jointly and severally liable. *Eastern Maico*, 658 F.2d at 945–46. The court nonetheless determined that the party could appeal the sanction order only after final judgment was entered. The court rejected the assertion that even if the party could appeal after final judgment, the attorney was entitled to an immediate appeal as of right. *Eastern Maico*, 658 F.2d at 948. The court stated that

> [i]f the sanctions became appealable simply because they had been imposed against the attorney advising the motion rather than the party on whose behalf it was made, the result would be as incongruous as the outcome which would follow immediate appealability by a party.

*Eastern Maico*, 658 F.2d at 949.

■■ In the present case, Summagraphics and Jacobs have been individually sanc-

tioned in the amount of $1,000 each and are not jointly and severally liable. Applying the *Cohen* test, the sanction order plainly meets the first prong of *Cohen*, in that it conclusively determines the disputed question. On the record before us, however, we are unable to conclude that, in this case, making payments to a potential witness conditional on the outcome of the case is separable from the underlying lawsuit and therefore satisfies *Cohen*'s second prong. Considering the third prong of the *Cohen* test, as far as Summagraphics is concerned, our holding in *Mortenson* compels the conclusion that the order imposing sanctions upon it as a party is not immediately appealable. As far as Jacobs is concerned, we follow the reasoning of the First, Third, Fifth, and Tenth Circuits that an order imposing sanctions against an attorney is reviewable after final judgment is entered. We are not persuaded that, under the circumstances of this case, any harm will befall Jacobs by postponing the appeal of the sanction order until final judgment is entered. The sanctions are not monetarily onerous. In addition, even if there is no appeal by a party with respect to the merits, Jacobs, like Summagraphics, will be able to seek review of the sanction order after the action is ended.

Thus, we agree with Sanders Associates and Calcomp that the sanction order is not immediately appealable and dismissal of this appeal is appropriate.

Accordingly,

IT IS ORDERED THAT:

(1) The motion to dismiss is granted.

(2) Each side shall bear its own costs.