Judith A. HILL, Plaintiff–Appellee,

v.

MacMILLAN/McGRAW–HILL SCHOOL COMPANY, a New York general partnership, aka MacMillan School Publishing, Inc., dba McGraw–Hill, Inc.; Peter Jovanovich, Defendants–Appellants.

No. 95–16163.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 9, 1996.

Decided Dec. 11, 1996.

---

Stuart M. Gerson, Washington, DC, and Terry M. Gordon, San Francisco, CA, Epstein Becker & Green, for defendants-appellants.

Daniel R. Bartley, Larkspur, CA, for plaintiff-appellee.

Before GOODWIN, WALLACE and RYMER, Circuit Judges.

RYMER, Circuit Judge.

MacMillan/McGraw–Hill School Company, Peter Jovanovich, and their attorneys, Terry M. Gordon and Janet Morgan, appeal the district court's order imposing sanctions against them jointly and severally under Fed. R.Civ.P. 11 for refiling a Rule 8 motion to dismiss that had previously been denied by a different judge. We do not reach the merits of their appeal, however, because an order sanctioning both a party and its attorney is not a collateral order that is reviewable before final judgment is entered. We therefore lack jurisdiction and dismiss the appeal.

## I

On September 23, 1993, Judith Hill brought a wrongful termination action in state court against her former employer, MacMillan/McGraw–Hill School Company. MacMillan removed the case to federal court, where it was assigned to Judge Ware, and filed a motion to dismiss under Rule 8 for failure to set forth "a short and plain state-ment of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Judge Ware granted the motion and Hill filed an amended complaint, correcting various erroneous citations to the California Code and replacing her claim of "constructive termination" with one of "direct termination." MacMillan responded with a second motion to dismiss, contending that even as amended the complaint failed to meet the requirements of Rule 8. Judge Ware denied the motion and MacMillan filed an answer.

After the case was reassigned to Judge Aguilar, Hill asked MacMillan to stipulate that she could correct a typographical error (changing the word "mole" to "moll") in the amended complaint. MacMillan refused. The court nevertheless granted Hill leave to file a second amended complaint to correct the typographical error.

MacMillan, in turn, filed a third motion to dismiss under Rule 8 that was virtually identical to the one denied by Judge Ware. When the court questioned why sanctions should not be imposed for doing so, MacMillan argued that renewing the same motion was proper because the action had been transferred to a new judge and the court had implicitly invited the motion by indicating that denial of the Rule 8 motion was without prejudice to MacMillan's filing responsive pleadings. Hill then moved for Rule 11 sanctions. The court found that the third Rule 8 motion had been filed with an improper purpose, and ordered MacMillan and its counsel, Gordon and Morgan, to pay $3,827.45 in attorneys' fees and costs to Daniel Robert Bartley, Hill's lawyer. Because the sanction was above $1,000, Gordon and Morgan were required under Cal.Bus. & Prof.Code § 6068(o)(3) to report the sanction to the California State Bar. MacMillan, and Gordon and Morgan, filed a notice of appeal from the sanctions order alone.

## II

MacMillan, Gordon and Morgan argue that the sanctions order is a collateral order over which we have jurisdiction under *Riverhead Savings Bank v. National Mortgage Equity Corp.*, 893 F.2d 1109, 1113–14 (9th Cir.1990), because the order is immediately payable,

resolves an important issue separate from the merits, and cannot be reviewed as it is payable to a non-party. Hill contends that we lack jurisdiction since an order imposing sanctions upon both a party and its attorneys is not a final order under *Kordich v. Marine Clerks Ass'n,* 715 F.2d 1392, 1393 (9th Cir. 1983). We agree with Hill that this is a *Kordich* order, and that it does not meet the limited exception recognized in *Riverhead* when the party to whom the sanctions are awarded is (or is about to become) insolvent.

In *Kordich,* sanctions were jointly and severally imposed on a law firm and its clients for filing a frivolous motion. We had previously held that an order which imposes liability only on a non-party is immediately appealable as a final order, whereas an order that runs only to the party is not. *Id.* (contrasting *Reygo Pacific Corp. v. Johnston Pump Co.,* 680 F.2d 647 (9th Cir.1982) (non-party) with *Johnny Pflocks, Inc. v. Firestone Tire & Rubber Co.,* 634 F.2d 1215 (9th Cir. 1980) (party)). Because the congruence of interests between attorney and client is so great, we saw "no reason to permit indirectly through the attorney's appeal what the client could not achieve directly on its own: immediate review of interlocutory orders imposing liability for fees and costs." *Id.* Such orders are reviewable on appeal after final judgment, and we accordingly held that we lacked jurisdiction.

Sanctions were also imposed jointly and severally on the party and its attorneys in *Riverhead,* but we distinguished *Kordich* because on the specific facts of *Riverhead* there was no chance that the award would be modified or merged into a final judgment. *Riverhead,* 893 F.2d at 1114. We concluded that all three *Cohen*[1] factors were met since the district court made the order subject to execution prior to final judgment; it resolved an important issue separate from the merits as the sanctions award was substantial; and it was effectively unreviewable on appeal from final judgment because the party awarded

fees was in receivership, and was likely insolvent, so that return of the money awarded would be impossible. *Id.* at 1114–15.

MacMillan, Gordon and Morgan try to bring their appeal within *Riverhead*'s exception by arguing (and Hill does not dispute) that the parties and the district court treated the order as subject to immediate execution. The order is, in fact, stayed by virtue of a supersedeas bond posted by MacMillan, Gordon and Morgan, pursuant to Fed.R.Civ.P. 62(d). However, how the order may have been treated is not critical; it is not the order for immediate payment that made a difference in *Riverhead,* but the fact that the (immediate) payment was to be made to someone who wouldn't be able to pay it back if the sanctions order were reversed in the normal course, on appeal after final judgment.

Their argument that the California legislature has determined that any judicial sanction of $1,000 or more against an attorney for non-discovery related conduct is "substantial" because attorneys are required to report such sanctions to the Bar is no more availing, as the reporting requirement is a collateral consequence of the order that is not part of the order itself. While there is no question that the reporting requirement is important to the lawyers involved, it is an inherent part of their responsibilities as a member of the State Bar of California. That the order may be professionally, as well as pecuniarily, important to the attorneys, however, does not mean that the attorneys' interests in a joint and several sanctions award with their client are not congruent. Both have obligations with respect to it, both have appealed, and both would like to see the award overturned.

Nor does the fact that the order directs MacMillan, Gordon and Morgan to pay the sanctions to Hill's attorney, a non-party, fit within the exception to *Kordich*'s general rule that *Riverhead* recognizes. Whether or not the award should have been made pay-

---

**1.** *Cohen v. Beneficial Indus. Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), indicating that to come within the collateral order doctrine, "the order must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the ac-

tion, and be effectively unreviewable on appeal from a final judgment." *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 468, 98 S.Ct. 2454, 2458, 57 L.Ed.2d 351 (1978) (summarizing the *Cohen* factors).

able to Hill's attorney, instead of to the court or to Hill,[2] there is no indication that Hill (or Bartley) is insolvent or unlikely to be able to repay the $3,827.45 on appeal after a final judgment.

The specific facts present in *Riverhead* are not present here. Therefore, *Kordich* controls. Accordingly, because an order sanctioning both a party and its attorney is not a collateral order that is reviewable before final judgment is entered, we lack jurisdiction.

DISMISSED.

**2.** MacMillan, Gordon and Morgan argue—for the first time on appeal—that the order is improper on its face because it makes the sanctions award payable directly to a non-party, whereas Rule 11(c)(2) provides that a Rule 11 sanction may only consist of "an order to pay a penalty into court, or . . . an order directing payment to the movant." Nothing in the record suggests that the district court would have been unwilling to correct its order had this problem been called to its attention.