173 F.3d 1221
 161 L.R.R.M. (BNA) 2001, 138 Lab.Cas. P 10,431,
99 Cal. Daily Op. Serv. 2714,
1999 Daily Journal D.A.R. 3519
 K.V. MART CO. dba Top Valu Markets and Valu Plus Food
Warehouses, a corporation; and Market Venture,
LLC, Plaintiffs-Appellees,
v.
UNITED FOOD AND COMMERCIAL WORKERS INTERNATIONAL UNION,
LOCAL 324, Does 1 through 50, inclusive,
Defendants-Appellants.
 No. 97-56055.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Feb. 2, 1999.
Decided April 14, 1999.
 
 Robert A. Cantore, Gilbert & Sackman, Los Angeles, California, for the defendants-appellants.
 David A. Van Riper, Campion, Rodolff, Van Riper & Procopio, LLP, Santa Ana, California, for the plaintiffs-appellees.
 Appeal from the United States District Court for the Central District of California; Richard A. Paez, District Judge, Presiding. D.C. No. CV-97-00790-RAP.
 Before: HUG, Chief Judge, BROWNING and NOONAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 A labor union argues that a recent Supreme Court case requires us to reject forty years of case law interpreting § 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185,[1] and reinterpret the section to confer federal subject matter jurisdiction over all suits by or against a union covered by the Act. We decline to do so.
 
 
 2
 From December 1996 to February 1997, United Food and Commercial Workers International Union, Local 324 (Union), picketed a store operated by Plaintiff K.V. Mart Co. and located in a shopping center owned by Plaintiff Market Venture, L.L.C. Plaintiffs filed three successive suits in state court to enjoin or restrict the picketing. The Union removed each action to federal district court, on the novel legal theory that the "sue and be sued" clause in LMRA § 301(b) confers federal subject matter jurisdiction over any suit by or against a union covered by the LMRA. The district court concluded that § 301 confers jurisdiction only over suits for breach of contract identified in § 301(a), and remanded the cases to state court. In this, the third remand order, the district court awarded Plaintiffs attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c), on the ground that the Union did not have a reasonable basis for removal in light of the two prior remand orders. The Union appeals, contending the district court erred in concluding it lacked subject matter jurisdiction.
 
 
 3
 * We have jurisdiction to review the district court's fee award under the collateral order exception to the final judgment rule. See Coopers & Lybrand v. Livesay, 437 U.S. 463, 468, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978) (orders issued before final judgment are appealable under § 1291 as collateral orders if they "conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and [are] effectively unreviewable on appeal from a final judgment"). The order appealed in this case (1) conclusively determines that the Union must pay Plaintiffs' attorneys' fees incurred in challenging the removal; (2) resolves an important issue completely separate from the merits of the action--whether the removal was improper; and (3) is effectively unreviewable on appeal from the final judgment of the state court after remand because the state appellate court would have no jurisdiction to review the federal district court order. Cf. Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 713-14, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996) (holding remand order on abstention grounds, which is not rendered unreviewable by 28 U.S.C. § 1447(d), is a collateral order reviewable pursuant to § 1291).[2]
 
 II
 
 4
 Although the remand order itself is not reviewable, see 28 U.S.C. § 1447(d), an award of attorneys' fees and costs for improper removal is reviewed for abuse of discretion. Moore v. Permanente Med. Group, Inc., 981 F.2d 443, 447 (9th Cir.1992). A district court abuses its discretion if it relies " 'on an erroneous view of the law or on a clearly erroneous assessment of the evidence.' " Id. (quoting Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990)). The Union argues the district court committed legal error when it held the removal was improper, because the district court erred when it held the "sue and be sued" clause in § 301(b) did not confer subject matter jurisdiction.
 
 
 5
 More than forty years ago, the Supreme Court ruled that § 301(b) did not create subject matter jurisdiction, but merely established that unions subject to the LMRA could sue and be sued in federal court. Textile Workers Union v. Lincoln Mills, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957).[3] Several lower courts have expressly held that § 301(b) is not a source of subject matter jurisdiction.[4]
 
 
 6
 The Union argues that these holdings are no longer good law in light of the more recent Supreme Court decision, American Nat'l Red Cross v. S.G., 505 U.S. 247, 112 S.Ct. 2465, 120 L.Ed.2d 201 (1992). The Court held in Red Cross that a "sue and be sued" provision in the federal charter for the American National Red Cross conferred federal subject matter jurisdiction over all suits by or against the organization. Id. at 257, 112 S.Ct. 2465. The Court ruled that Congress must have intended the provision to have that effect, in light of the then-judicially-settled meaning of such "sue and be sued" clauses in charters of federally-chartered corporations. Id. at 255, 112 S.Ct. 2465 (case law at the time "support[ed] the rule that a congressional charter's 'sue and be sued' provision may be read to confer federal court jurisdiction if, but only if, it specifically mentions the federal courts"). Because the LMRA was enacted at about the same time as the Red Cross charter and § 301(b) uses "sue and be sued" language that would be deemed jurisdictional under the Red Cross rule, the Union argues that Red Cross requires us to reinterpret § 301(b) as creating subject matter jurisdiction.
 
 
 7
 The Court's holding in Red Cross applies specifically to "sue and be sued" provisions in charters for federally-chartered corporations.[5] The LMRA is a comprehensive statutory scheme regulating national labor relations. Unions subject to the LMRA are not comparable to federally-chartered corporations. They are subject to some regulation by the federal government, but that is true of most American institutions. Federally-chartered corporations, in contrast, are entirely defined by federal law. Osborn v. Bank of United States, 22 U.S. (9 Wheat.) 738, 823, 6 L.Ed. 204 (1824).
 
 
 8
 Red Cross does not undermine Lincoln Mills sub silentio. Red Cross is premised on Congressional intent. Indications of Congress's intent in enacting § 301, other than the wording of the "sue and be sued" clause, support the Lincoln Mills holding that the section confers jurisdiction only over the contract disputes identified in § 301(a). The legislative history demonstrates that Congress enacted § 301 to make unions liable for breaches of collective bargaining agreements.[6] See Lincoln Mills, 353 U.S. at 453, 77 S.Ct. 912 ("Both the Senate Report and the House Report indicate a primary concern that unions as well as employees should be bound to collective bargaining contracts."). Other jurisdictional provisions of the LMRA would be superfluous if § 301(b) conferred subject matter jurisdiction over all suits by or against unions. See Rock Drilling, 217 F.2d at 692 (§ 301(a) would be superfluous); Amazon Cotton, 167 F.2d at 188 (§ 301(a) and § 303(b), 29 U.S.C. § 187, would be superfluous); id. at 186-87 (§ 10 and § 208, 29 U.S.C. § 160 and § 178, respectively, would be superfluous). "Under accepted canons of statutory interpretation, [the court] must interpret statutes as a whole, giving effect to each word and making every effort not to interpret a provision in a manner that renders other provisions of the same statute inconsistent, meaningless or superfluous." Boise Cascade Corp. v. EPA, 942 F.2d 1427, 1432 (9th Cir.1991).
 
 
 9
 Federal courts would act outside their Article III powers if they exercised jurisdiction over suits by or against a union pursuant to § 301 absent diversity of citizenship or violation of a federal substantive right. See Schatte v. International Alliance of Theatrical Stage Employees, 182 F.2d 158, 164 (9th Cir.1950) (stating federal jurisdiction over § 301(a) suits would be unconstitutional if the subsection did not establish a substantive federal right); see also Lincoln Mills, 353 U.S. at 456-57, 77 S.Ct. 912 (holding that § 301(a) establishes a federal substantive right); cf. Osborn, 22 U.S. (9 Wheat.) at 823, 827 (holding actions by or against federally-chartered corporations, which are entirely defined by federal law, "arise under" federal law).
 
 
 10
 Finally, reinterpreting § 301(b) would wreak havoc on labor litigation, greatly expand federal jurisdiction over union-related suits, and deprive state courts of exclusive jurisdiction over matters of local concern. There is no indication in the legislative history that Congress intended such an extensive revision of federal jurisdiction.
 
 
 11
 We conclude that § 301(b) does not confer subject matter jurisdiction over all suits by or against unions covered by the LMRA. The district court correctly concluded that it lacked subject matter jurisdiction and did not abuse its discretion in awarding fees and costs to Plaintiffs for improper removal.
 
 
 12
 AFFIRMED.
 
 
 
 [1]
 Section 301, which is entitled "Suits by and against labor organizations," includes the following relevant subsections:
 (a) Venue, amount, and citizenship
 Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.
 (b) Responsibility for acts of agent; entity for purposes of suit; enforcement of money judgments
 Any labor organization which represents employees in an industry affecting commerce as defined in this chapter and any employer whose activities affect commerce as defined in this chapter shall be bound by the acts of its agents. Any such labor organization may sue or be sued as an entity and in behalf of the employees whom it represents in the courts of the United States. Any money judgment against a labor organization in a district court of the United States shall be enforceable only against the organization as an entity and against its assets, and shall not be enforceable against any individual member or his assets.
 29 U.S.C. § 185(a), (b) (emphasis added). The union bases its argument on the emphasized language of § 301(b).
 
 
 [2]
 Plaintiffs, citing Hill v. MacMillan/McGraw-Hill Sch. Co., 102 F.3d 422 (9th Cir.1996), and Kordich v. Marine Clerks Ass'n, 715 F.2d 1392 (9th Cir.1983), argue that we lack jurisdiction to review the fee award. In Hill and Kordich, this court held that orders imposing sanctions did not fall within the collateral order doctrine. See Hill, 102 F.3d at 423-25; Kordich, 715 F.2d at 1393 (relying on Johnny Pflocks, Inc. v. Firestone Tire & Rubber Co., 634 F.2d 1215 (9th Cir.1980), which held that an order imposing discovery sanctions was not an appealable interlocutory order because it could be reviewed after entry of final judgment, id. at 1216). Those cases, however, were pending in federal court. Therefore, the sanctions orders were reviewable on appeal from final judgment
 
 
 [3]
 [I]t is apparent that § 301(a) and § 301(b) supplement one another. Section 301(b) makes it possible for a labor organization ... to sue and be sued as an entity in the federal courts. Section 301(b) in other words provides the procedural remedy lacking at common law. Section 301(a) certainly does something more than that. Plainly, it supplies the basis upon which the federal district courts may take jurisdiction and apply the procedural rule of § 301(b)
 Lincoln Mills, 353 U.S. at 451-52, 77 S.Ct. 912; see also Wooddell v. International Bhd. of Elec. Workers, Local 71, 502 U.S. 93, 98, 112 S.Ct. 494, 116 L.Ed.2d 419 (1991) ("a suit properly brought under § 301 must be a suit either for a violation of a contract between an employer and a labor organization [covered by the Act] or for violation of a contract between such labor organizations"; that is, the suit must fall within the grant of subject matter jurisdiction in § 301(a)).
 
 
 [4]
 See Rock Drilling Local Union No. 17 v. Mason & Hanger Co., 217 F.2d 687, 691-93 (2d Cir.1954); Amazon Cotton Mill Co. v. Textile Workers Union, 167 F.2d 183, 187-88 (4th Cir.1948); Publix Supermarkets, Inc. v. United Food & Commercial Workers Int'l Union, 900 F.Supp. 419, 420-21 (M.D.Fla.1995) (although decided after American Nat'l Red Cross v. S.G., 505 U.S. 247, 112 S.Ct. 2465, 120 L.Ed.2d 201 (1992), opinion does not discuss Red Cross ); Kayser-Roth Hosiery Co., Inc. v. Textile Workers Union, 285 F.Supp. 484, 488 (E.D.Tenn.1968); Murphy v. Hotel & Restaurant Employees & Bartenders Int'l Union, 102 F.Supp. 488, 492 (E.D.Mich.1951)
 
 
 [5]
 See Red Cross, 505 U.S. at 255, 112 S.Ct. 2465 ("a congressional charter's 'sue and be sued' provision may be read to confer federal court jurisdiction if ...") (emphasis added); id. at 265, 112 S.Ct. 2465 (Scalia, J., dissenting) ("The Court today concludes that whenever a statute granting a federally chartered corporation the 'power to sue and be sued' specifically mentions the federal courts ....") (emphasis added); see also id. at 258-59, 112 S.Ct. 2465 (comparing "sue and be sued" provisions in Red Cross charter with charters for other federally-chartered corporations). The Union argues that two comments in Red Cross footnotes indicate that the Red Cross holding is not limited to "sue and be sued" clauses in charters of federally-chartered corporations. See id. at 251 n. 3, 264 n. 16, 112 S.Ct. 2465. The Union reads too much into these comments, which simply state that the Court did not rely on the Red Cross's status as a federally-chartered corporation as a source of jurisdiction, but on the inclusion of the "sue and be sued" clause in the charter
 In Bartels v. Alabama Commercial College, Inc., 54 F.3d 702, 708-09 (11th Cir.1995), the Eleventh Circuit found no "reason why American Nat'l Red Cross 's holdings should be limited solely to statutory 'sue and be sued' clauses involving federally chartered corporations," and held that a "sue and be sued" clause in the Higher Education Act conferred federal subject matter jurisdiction over suits by and against the Secretary of Education regarding the Act. It may be that, absent evidence to the contrary, Congress's use of language that the Supreme Court had earlier found created jurisdiction in the context of federal charters could demonstrate Congressional intent to create federal jurisdiction in other contexts. In this case, however, there is substantial evidence indicating a contrary Congressional intent and the Supreme Court has held that § 301(b) is not jurisdictional.
 
 
 [6]
 See H.R.Rep. No. 80-245, at 6 (item # 18) (1947), reprinted in 1 NLRB, Legislative History of the Labor Management Relations Act, 1947 [hereinafter Leg. His.], at 297 (1985); id. at 8, reprinted in 1 Leg. His. at 299; id. at 45-46, 112 S.Ct. 2465 (discussing § 302, which was ultimately enacted as § 301), reprinted in 1 Leg. His. at 336-37; H.R. Min. Rep. No. 80-245, at 108-10 (1947), reprinted in 1 Leg. His. at 399-401; S.Rep. No. 80-105, at 15-18 (1947), reprinted in 1 Leg. His. at 421-24. The Union quotes statements from these Congressional reports out of context to create the impression that Congress intended to generally confer jurisdiction over suits by or against unions. Read in context, however, the statements clearly refer to § 301(a) jurisdiction to enforce union contracts