Patrick J. PEDEN, Plaintiff—Appellant,

v.

**LOUISIANA–PACIFIC CORPORATION, a Delaware corporation, Defendant—Appellee.**

Patrick J. Peden, Plaintiff—Appellee,

v.

**Louisiana–Pacific Corporation, a Delaware corporation, Defendant—Appellant.**

No. 01–35056, 01–35147.

D.C. No. CV–99–0004 LBE.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 10, 2002.

Decided Sept. 26, 2002.

Appeal from the United States District Court for the District of Montana, Leif B. Erickson, Magistrate Judge, Presiding.

Before HALL, TASHIMA, and RAWLINSON, Circuit Judges.

* This disposition is not appropriate for publication and may not be cited to or by the courts

## MEMORANDUM *

Patrick J. Peden ("Peden") prevailed in a wrongful termination action against Louisiana–Pacific Corporation ("L–P") and then brought a post-trial motion for costs and for attorney's fees under the Montana Wrongful Discharge from Employment Act ("WDEA"). The court granted Peden's motion for costs, but denied his request for attorney's fees. Both Peden and L–P appeal. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The district court's award of costs is reviewed for an abuse of discretion. *LSO, Ltd. v. Stroh,* 205 F.3d 1146, 1160 (9th Cir.2000); *K.V. Mart. Co. v. United Food & Commercial Workers Int'l Union, Local 324,* 173 F.3d 1221, 1223 (9th Cir.1999). The interpretation of a state statute regarding attorney's fees is reviewed de novo. *Kona Enters., Inc. v. Estate of Bishop,* 229 F.3d 877, 883 (9th Cir.2000); *Resolution Trust Corp. v. Midwest Fed. Sav. Bank,* 36 F.3d 785, 799 (9th Cir.1993).

The WDEA governs both the arbitration of wrongful termination disputes and the award of attorney's fees when arbitration offers are declined. Section 39–2–914 of the Montana Code requires that arbitration offers "contain the following provisions": that a neutral arbitrator must be selected; that the arbitration must be governed by the Uniform Arbitration Act (to the extent that the Act does not conflict with § 39–2–914); and that the arbitrator is bound by § 39–2–914. If a valid arbitration offer is rejected, and if the party making the offer prevails under the WDEA, that party is entitled to reasonable attorney's fees. *See* Mont.Code Ann. § 39–2–915 ("A party who makes a valid offer to arbitrate that is not accepted . . . and who prevails . . . is entitled as an

of this circuit except as provided by Ninth Cir. R. 36–3.

element of costs to reasonable attorney fees incurred subsequent to the date of the offer.").

■ It is well established in Montana law that courts must give effect to the plain, unambiguous meaning of a statute. *Infinity Ins. Co. v. Dodson,* 302 Mont. 209, 14 P.3d 487, 496 (Mont.2000). Legislative intent may at times be considered, but such consideration may occur only when the relevant statute is ambiguous. *Id.* The relevant statute here, § 39–2–914(2), is plain and unambiguous. It states that "[t]he offer to arbitrate must . . . contain the following provisions." This plain language requires that a valid arbitration offer expressly notify the offeree of the provisions set forth in §§ 39–2–914(2)(a, b & c). Section 39–2–914's use of the pluralized term "provisions" suggests that the provisions themselves must be outlined in a valid arbitration offer, and that simple reference or citation to the code sections does not suffice. Here, rather than set forth the provisions of the statute, Peden's offer to arbitrate stated only that Peden "offers to arbitrate this matter pursuant to the provisions of §§ 39–2–914 and 915, MCA, and 27–5–111, MCA, *et seq.*". Given that Peden did not comply with the plain language of § 39–2–914(2), we affirm the denial of attorney's fees.

Likewise, we affirm the magistrate judge's award of costs. When a diversity plaintiff prevails on a claim, but the damages turn out to be less than $75,000, the district court has discretion either to deny the plaintiff costs (which are customarily available to the prevailing party under Fed.R.Civ.P. 54(d)(1)) or to award costs to the opposing party. *See* 28 U.S.C. § 1332(b). L–P argues that the magistrate abused his discretion when awarding Peden $1363.63 in costs. The argument is meritless.

■ We are aware of no case which holds that a district court's failure to deny the prevailing plaintiff costs, pursuant to 28 U.S.C. § 1332(b), is an abuse of discretion. It is one thing to say that courts have discretion to deny prevailing plaintiffs costs when their damages fail to reach the statutory minimum requirement of $75,000; it is an entirely different matter, however, to say that a court abuses its discretion by not denying costs to a plaintiff who fails to recover a minimum of $75,000. The magistrate judge here not only recognized his discretion to deny Peden costs, but articulated his reasons for not exercising that discretion in L–P's favor. Nothing in the record undermines the court's reasoning in this regard. We therefore affirm the award of costs to Peden. *See Perlman v. Zell,* 185 F.3d 850, 859 (7th Cir.1999).

The orders appealed from are

**AFFIRMED.**