**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Lyons K. NAONE, III, Defendant—Appellant.**

No. 02–10176.
D.C. No. CR–00–00261–DAE.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 2, 2002.*

Decided Dec. 6, 2002.

Before NOONAN, BERZON and TALLMAN, Circuit Judges.

MEMORANDUM **

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

Appellant Lyons K. Naone ("Naone") appeals the district court's denial of motion for a new trial, on the grounds of newly discovered evidence. This court reviews the denial of a motion for a new trial for abuse of discretion. A court abuses its discretion only if there has been a "clearly erroneous assessment of the evidence." *K.V. Mart Co. v. United Food and Comm. Workers, Local 324,* 173 F.3d 1221, 1223 (9th Cir.1999).

On November 24, 2001, a jury returned a verdict finding Naone, a port director for the U.S. Customs Service in Kahului, Maui, guilty of four counts, and not guilty of sixteen counts, of making false statements to the United States for submitting "work tickets" to collect overtime compensation for time he had not worked, in violation of 18 U.S.C. § 1001(a)(3). At Naone's trial, the government called six witnesses and, on each count of conviction, Naone testified on his own behalf.

During jury deliberations on November 22, 2000, the jury sent a note to the judge indicating that it was divided on each count. The judge then gave the jury an *Allen* charge encouraging the jury to continue deliberations. On November 24, 2000, the jury wrote another note to the court asking whether deadlock on a few counts would be considered a hung jury on all twenty counts. The court responded that deadlock on individual counts would constitute a hung jury only for those counts and that the court could accept a verdict on the counts agreed upon. Later that day, the jury delivered a unanimous verdict on each count.

After Naone's trial and sentencing, one of the government's witnesses, part-time customs inspector and state harbor master Gerald Lum, was arrested, charged and convicted by the state of Hawaii for second degree theft and tampering with a government record. The Government was not aware until after Naone's trial had concluded that Lum had committed the crimes for which he was convicted.

Federal Rule of Criminal Procedure 33 permits the court, on defendant's motion, to grant a new trial "if the interests of justice so require." To succeed on a motion for a new trial absent a claim of governmental misconduct, which is not at issue in this case, appellant must show (1) the evidence is newly discovered and was unknown to him at the time of trial, (2) the evidence is material, not merely cumulative or impeaching, (3) the evidence will probably produce an acquittal, and (4) failure to learn of the evidence sooner was not due to a lack of diligence. *United States v. Davis,* 960 F.2d 820, 825 (9th Cir.1992), *cert. denied,* 506 U.S. 873, 113 S.Ct. 210, 121 L.Ed.2d 150 (1992), *citing United States v. Walgren,* 885 F.2d 1417, 1428 (9th Cir.1989) (citations omitted). Newly-discovered impeachment evidence is material under the four-step *Walgren* test if the witness's testimony was "uncorroborated and provided the only evidence of an essential element of the government's case." *Davis,* 960 F.2d at 825.

Naone asks this court to require a "totality of circumstances" inquiry when evaluating the third prong of this standard and submits that, in his case, the "totality" includes the alleged importance of Lum's testimony to the government's case, the temporary jury deadlock, Naone's acquittal on sixteen of the twenty counts, and Lum's later conviction for crimes of dishonesty. Naone argues, given these circumstances, it was probable that the jury would have returned a not guilty verdict on all counts and, by not considering this probability, the district court abused its discretion. *Walgren* specifically states,

however, that a totality of circumstances inquiry is required *when the prosecutor fails to disclose evidence.* *Walgren,* 885 F.2d at 1428 (emphasis added). As no prosecutorial misconduct is alleged, a totality of circumstances inquiry is not required. *Id.*

Apart from Lum's testimony a reasonable jury could have found Naone guilty beyond a reasonable doubt on Counts 13, 16, 19 and 20. *Davis,* 960 F.2d at 825.

Lum did not even testify to Counts 13 and 16, hence, newly discovered evidence on Lum would not have resulted in an acquittal on those counts. Lum's testimony on Counts 19 and 20, was not central to obtaining Naone's conviction on those counts. As to Count 19, Inspectors Derrick Lopez and Guy Daniels provided the primary evidence, and Lum only provided testimony that Naone conceded to be true at trial. As to Count 20, ship agent Bruce Swartz gave the primary testimony about Naone's actions on the evening in question, which was supported by testimony from Inspectors Guy Daniels and Derrick Lopez, while Lum merely testified that he did not see Naone on that night. Because Naone offered his own explanations for his overtime billing and neither disputed Lum's testimony nor attacked Lum's credibility, it was Defendant's own credibility, and not Lum's, that was the central issue for the jury.

AFFIRMED.