**Michael J. WALLER, Administrator of the Estate of Aloysius R.J. Krause, decd., Plaintiffs,**

v.

**BURLINGTON NORTHERN RAILROAD COMPANY, a Delaware corporation, Defendant.**

No. 86 C 5161.

United States District Court, N.D. Illinois, E.D.

Jan. 13, 1987.

Bernard Wysocki, Fuqua, Winter, Wysocki & Stiles, Ltd., Waukegan, Ill., for plaintiffs.

Robert Marc Chemers, Pretzel & Stouffer, Chtd., Chicago, Ill., for defendant.

## MEMORANDUM ORDER

BUA, District Judge.

Before this court is defendant's motion to transfer this cause to the United States District Court for the District of Nebraska at Lincoln, Nebraska, pursuant to 28 U.S.C. § 1404(a). For the reasons stated herein, defendant's motion is granted.

## I. FACTS

This suit arises out of an incident occurring in Saunders County, Nebraska in which a car driven by Aloysius Krause, deceased, was struck by a freight train operated by defendant Burlington Northern Railroad Company (Burlington). Several passengers traveling in Krause's car, many of whom were members of Krause's family, also died as a result of the collision. Seven law suits were subsequently filed by the estates of the deceased individuals in federal district court in Nebraska against Burlington, Woodcliff, Inc. (the owner of the land surrounding the railroad crossing), and the estate of Aloysius Krause. Acting as administrator for the estate of Aloysius Krause, plaintiff Michael Waller (Waller), filed this action against Burlington and a second action against Woodcliff, Inc., in Nebraska federal district court. *See Waller v. Woodcliff, Inc.*, No. 86–L–400 (D.Neb.1986). Burlington motions this court to transfer this case pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the District of Nebraska at Lincoln, Nebraska.

## II. DISCUSSION

■ The appropriate starting point for analyzing Burlington's motion to change venue is the statute itself: 28 U.S.C. § 1404(a), which provides:

For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought originally.

This provision is designed to eliminate wasted time, energy and money, as well as protect litigants, witnesses and the public against unnecessary inconvenience and expense. *Continental Grain Co. v. Barge FBL–585*, 364 U.S. 19, 80 S.Ct. 1470, 4 L.Ed.2d 1540 (1960). In order to show that transfer of venue is proper, the moving party must establish that (1) venue is prop-

er in the transferor court, (2) venue is proper and in the transferee court, and (3) the transfer is for the convenience of the parties and witnesses, in the interests of justice. *Waites v. First Energy Leasing Corp.* 605 F.Supp. 219, 221 (N.D.Ill.1985). Although the party seeking transfer bears the burden of establishing that transfer of venue is proper, the burden under § 1404(a) is substantially less than that required for transfer under the doctrine of forum non conveniens. *Id.; see Norwood v. Kirkpatrick,* 349 U.S. 29, 75 S.Ct. 544, 99 L.Ed. 789 (1955).

Jurisdiction for Waller's complaint is grounded on 28 U.S.C. § 1332. Venue is proper under pure diversity cases in the judicial district where all the plaintiffs or all the defendants reside, or in which the claim arose. 28 U.S.C. § 1391(a). For purposes of determining venue when a corporation is a defendant, the corporation is presumed to reside in any judicial district in which it is incorporated, licensed to do business or is doing business. 28 U.S.C. § 1391(c). In the present case, the claim arose in the District of Nebraska; the plaintiff resides in the Northern District of Illinois; and the defendant railroad resides in the Northern District of Illinois and the District of Nebraska. Thus, venue is proper in both the transferor and transferee districts.

### A. *Convenience of the Parties*

 As a general rule, a plaintiff's choice of forum is entitled to substantial weight unless that forum lacks any significant contact with the underlying cause of action. *Hotel Constructors, Inc. v. Seagrave Corp.,* 543 F.Supp. 1048, 1050 (N.D.Ill. 1982). Here, the only relation Illinois has to the underlying claims is that the decedent's administrator happens to be an Illinois resident. Since Waller's choice of forum has little significant contact with the claims in this case, Waller's choice of venue is entitled to less deference and becomes merely one of many factors to be weighed by this court in determining convenience. *Hotel Constructors, Inc.,* 543 F.Supp. at 1050.

In the present case, Waller contends that given his residency in the Northern District of Illinois, he will be greatly inconvenienced if forced to prosecute this action in the District of Nebraska. Waller also asserts that Burlington is only minimally burdened by his choice of forum since Burlington conducts substantial business and routinely retains legal counsel in the Northern District of Illinois. However, Waller's contention of inconvenience is difficult to comprehend given the fact he is actively litigating an identical case in the District of Nebraska against Woodcliff, Inc. Moreover, given the pendency of at least two closely related cases against Burlington in the District of Nebraska, more than negligible inconvenience would be suffered by Burlington if this action is litigated in the Northern District of Illinois. Thus, transfer of this case to the District of Nebraska would not result in any significant inconvenience on the part of Waller.

### B. *Convenience of Witnesses*

Next, Waller opposes Burlington's motion on the grounds the witnesses he will call to testify regarding damages all reside in the Chicago area and will suffer inconvenience if this matter is transferred. Although Waller does not identify these witnesses, this court presumes those witnesses are members of the decedent's family. Again, the pendency of an identical suit by Waller against Woodcliff, Inc., in the District of Nebraska necessitates that the same witnesses travel to Nebraska to testify. Additionally, Waller does not contradict Burlington's assertion that almost all witnesses who will testify on the issue of liability reside in Nebraska or Wyoming. These witnesses include the following individuals: (1) members of the four man train crew who reside in the vicinity of South Sioux City, Nebraska; (2) the son-in-law and daughter of the decedent, who were eyewitnesses to the incident and reside in Decker, Wyoming; and (3) two individuals residing in a development a few hundred feet from the railroad crossing in question who were witnesses to the incident.

Comparing the relative inconvenience to be suffered by the individuals likely to testify, little doubt exists that a Nebraska forum would facilitate the convenience of a great majority of the witnesses. Waller's assertion of inconvenience is unpersuasive given that the same Illinois witnesses will be required in his pending Nebraska suit. Similarly, Waller's contention that the decedent's wife, Marijo M. Zupancic, will suffer great emotional trauma if required to return to the place of her husband's death, although understandable, runs counter to the fact that she is presently prosecuting two related cases in Nebraska. Although Marijo Zupancic may endure significant emotional distress upon returning to the scene of the collision, denying Burlington's motion to transfer will not eliminate the need for her to return to Nebraska to litigate claims arising out of the incident. Given that a vast majority of prospective witnesses reside in or around the District of Nebraska, or will travel to the District of Nebraska to give testimony in related cases, the convenience of the witnesses favors transfer.

### C. *Interests of Justice*

 As a general rule, cases should be transferred to districts where related actions are pending. *Waites v. First Energy Leasing Corp.*, 605 F.Supp. 219, 223 (N.D. Ill.1985). The reason for this rule stems from the expectation that consolidation of related actions will occur in the transferee district, thus promoting judicial and litigant economy. The Supreme Court recognized in *Continental Grain Company*, 364 U.S. at 26, 80 S.Ct. at 1474, as follows:

> To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent. Moreover, such a situation is conducive to a race of diligence among litigants for a trial in the District Court each prefers.

The incident giving rise to the action before this court is also the cause of seven pending cases in the District of Nebraska. Waller and members of the decedent's family are parties to many of the Nebraska suits. To permit Waller to prosecute his case against Burlington in the Northern District of Illinois while he actively pursues identical actions in Nebraska against other defendants would result in duplicative litigation, unnecessary expense, a waste of judicial resources and inconvenience to witnesses and litigants. The interests of justice clearly weigh in favor of transferring this case to the District of Nebraska.

### III. CONCLUSION

The convenience of parties and witnesses as well as the interests of justice compel this court to grant defendant's § 1404(a) motion to transfer this matter to the United States District Court for the District of Nebraska at Lincoln, Nebraska.

IT IS SO ORDERED.