William C. **KEPPEN**, et al., Plaintiffs,

v.

**BURLINGTON NORTHERN RAILROAD COMPANY, et al., Defendants.**

No. 90 C 5681.

United States District Court, N.D. Illinois, E.D.

Oct. 24, 1990.

John O'B. Clarke, Jr., Highsaw, Mahoney & Clarke, P.C., Washington, D.C., Solomon I. Hirsh, Chicago, Ill., for the Broth. of Locomotive Engineers.

Thomas J. Knapp, Lawrence M. Stroik, Burlington Northern R. Co., Fort Worth, Tex., Kenneth J. Wysoglad, Kenneth J. Wysoglad & Associates, Chicago, Ill., for the Burlington Northern R. Co.

## ORDER

BUA, District Judge.

Pursuant to 28 U.S.C. § 1404(a), the Brotherhood of Locomotive Engineers ("BLE") has moved to transfer this railway labor action to the United States District Court for the District of Kansas. For the reasons stated herein, the court transfers this case to the District of Kansas.

## I. FACTS

This lawsuit involves a labor dispute between various railroads and the unions representing locomotive engineers. The controversy essentially began in August 1990, when Burlington Northern Railroad Company ("Burlington Northern") granted certain operating rights (commonly known as "trackage rights") over its rail line running from Kansas City, Missouri to Chicago, Illinois. Pursuant to this trackage rights agreement, Burlington Northern extended a right of use to the following railroads: Denver & Rio Grande Western Railroad Company, Southern Pacific Transportation Company, SPCSL Railroad Company, and St. Louis Southwestern Railway Company.[1] The trackage rights agreement provides that only one of these railroads may use the rail line at a particular time.

The Rio Grande railroads entered into the agreement without bargaining with the BLE, the union which represents locomotive engineers in collective bargaining. Having failed to consult with the BLE prior to entering into the trackage rights agreement, the railroads sparked a heated response from the BLE. The BLE demanded

---

1. These four railroads are subsidiaries of Rio Grande Industries, Inc., and shall be referred to collectively as the "Rio Grande railroads."

that the railroads engage in collective bargaining regarding the selection and assignment of locomotive engineers to work the Kansas City–to–Chicago line, as well as wages and working conditions for such engineers. When the railroads refused to participate in contract negotiations, the BLE threatened to strike. Anticipating a strike from the BLE and its local committees, the Rio Grande railroads filed a complaint for injunctive relief in the United States District Court for the District of Kansas on September 27, 1990. One day later, the BLE local committees for Burlington Northern and St. Louis Southwestern Railway Company filed the instant case against Burlington Northern and the Rio Grande railroads. Burlington Northern then filed a counterclaim, seeking to enjoin the unions from going on strike.

On October 10, 1990, this court dismissed plaintiffs' complaint for lack of subject matter jurisdiction. One week later, the BLE filed a similar lawsuit in the District of Kansas. The BLE seeks to consolidate that action with the suit previously filed by the Rio Grande railroads. With respect the lawsuit pending in this district, the BLE now moves to transfer defendants' counterclaim to the District of Kansas.

## II. DISCUSSION

■ At the outset, Burlington Northern argues that the motion to transfer should be denied because the BLE lacks standing to bring such a motion. Burlington Northern points out that the BLE is not named in the complaint as a party to this action; only the local committees of the BLE are parties. Nonetheless, this court does not have to resolve the standing issue because a court may transfer a case upon its own motion. *National Acceptance Co. v. Wechsler*, 489 F.Supp. 642, 649 n. 9 (N.D.Ill.1980) ("[t]here is no question that the Court possesses authority to raise on its own motion the issue of transfer of venue"); *Mobil Corp. v. SEC*, 550 F.Supp. 67, 69 (S.D.N.Y.1982) ("[t]he transfer may be made upon motion by either party or by the court *sua sponte*"). Since the parties have been afforded notice and an opportu-

nity to be heard, the court will entertain the motion to transfer.

■ Section 1404(a) states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Under § 1404(a), there are three prerequisites to a valid transfer: (1) venue must be proper in the transferor court; (2) venue must be proper in the transferee court; and (3) the transfer must be for the convenience of the parties and witnesses, in the interest of justice. *Ratner v. Hecht*, 621 F.Supp. 378, 381 (N.D.Ill.1985).

■ In this case, it is undisputed that venue is proper in both the transferor and transferee districts. Consequently, the motion to transfer hinges on the final prerequisite—*i.e.*, whether a transfer will promote the convenience of the litigants and the interest of justice.

Unfortunately, the convenience of the parties and witnesses does not conclusively favor one district over the other. The BLE maintains its headquarters in Cleveland, Ohio. Burlington Northern, on the other hand, is headquartered in Texas and its witnesses also reside there. Neither side has specifically identified any witnesses who reside in Chicago, much less that such witnesses will provide testimony that is necessary for a proper resolution Burlington Northern's counterclaim. In short, there is nothing to suggest that either the parties or the witnesses will be seriously inconvenienced if this litigation proceeds in Kansas. If anything, a consolidation of this matter with the case already pending in Kansas will reduce the time and resources ultimately expended by the litigants; the parties and witnesses will not be hampered by shuttling back and forth between two separate districts on related matters. It certainly will be more convenient for all parties involved to prosecute, in one forum, all of the claims arising from the same transaction.

In any event, a transfer would be in the interest of justice. The interest of justice refers to "such concerns as ensuring

speedy trials, trying related litigation together, and having a judge who is familiar with the applicable law try the case." *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1293 (7th Cir.1989). Burlington Northern opines that this court has a much greater familiarity with this case than the federal court in Kansas. Although this court has already entered a ruling regarding plaintiffs' claims, that fact alone does not militate against transfer. Having been filed contemporaneously with the Kansas action, this case has only been pending for several weeks. Many of the issues have been resolved on an emergency basis in the context of a hearing for a temporary restraining order. The litigation simply has not progressed to such an extent that either court will have obtained a close familiarity with all of the issues involved. Without question, a federal court in Kansas is equally competent to handle the questions of federal law presented in this case. This court is confident, moreover, that the parties can receive a speedy trial in the District of Kansas—a district not typically noted as having a burgeoning caseload.

The most significant factor favoring transfer, however, is the existence of related litigation in the transferee forum. This court has previously recognized the strong policy in favor of transferring a case to the district where a related action is pending. *See Waller v. Burlington N. R.R.*, 650 F.Supp. 988, 991 (N.D.Ill.1987); *Continental Ill. Nat'l Bank and Trust Co. v. Stanley*, 606 F.Supp. 558, 564 (N.D.Ill.1985). The bulk of this case has already been dismissed, and all that remains is Burlington Northern's counterclaim. At this point, the center of the litigation is in Kansas, where several railroads and local BLE committees are ready to litigate their labor dispute. To avoid duplication of effort by the courts and litigants, Burlington Northern's counterclaim should be resolved by the district court sitting in Kansas.

This court sees no compelling reason why the case should not be transferred. In light of the substantial identity of factual and legal issues in this case and the case pending in Kansas, a transfer would be in the best interest of judicial economy. A consolidation of all matters before one tribunal will also save considerable time and expense for the parties and litigants.

## III. CONCLUSION

For the foregoing reasons, the court hereby transfers this case in its entirety to the United States District Court for the District of Kansas.

IT IS SO ORDERED.