**DEV INDUSTRIES, INC., Plaintiff,**

v.

**NPC, INC. and Transcontinental Printing, Inc., Defendants.**

**No. 90 C 07358.**

United States District Court,
N.D. Illinois, E.D.

March 20, 1991.

Thomas J. Swabowski, Bischoff, Maurides & Swabowski, Ltd., Chicago, Ill., for plaintiff.

Barry Levenstam, Daniel R. Warren, Thomas Charles Buchele, Jenner & Block, Chicago, Ill., for defendants.

### MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Defendant NPC, Inc. ("NPC") has moved to transfer venue or to dismiss for lack of personal jurisdiction. DEV Industries, Inc. ("DEV") filed its complaint against NPC and Transcontinental Printing, Inc. alleging breach of a Settlement Agreement ("Agreement"). For the reasons set forth below, we transfer venue to the United States District Court in Oregon.

### I.

NPC, incorporated in Oregon, is a commercial printing operation. Its primary printing plant is located in Kent, Washington, a small town several miles southeast of Seattle. In 1988, NPC purchased a printing press from DEV, an Illinois corporation. DEV delivered the press to NPC's facility in Kent.

NPC experienced difficulties with the DEV press from the very beginning, and those problems culminated in at least two lawsuits between the corporations. *See NPC Inc. v. DEV Indus., Inc.*, No. 89–6100E (D.Or.1989); *Holmes Elec. Co. v. National Printing Corp.*, No. 89–2–03391–7 (Wash.Sup.Ct.1989) (NPC's third-party complaint against DEV). In 1989, after Transcontinental Communications, Inc. (a subsidiary of defendant Transconti-

---

nental Printing, Inc.) acquired NPC, settlement negotiations began. These negotiations led to the April 1990 Agreement settling both the federal and Washington state disputes.

The Agreement imposes certain obligations on both NPC and DEV. Most significantly, at least for our present purposes, it contains a forum selection clause requiring that all claims regarding the Agreement be litigated in Oregon.[1] Specifically, ¶ 14 of the Agreement provides that:

> The parties' obligations under this Settlement Agreement shall be specifically enforceable.... ˙The parties hereby submit to the jurisdiction of the United States District Court, District of Oregon for any claim arising out of or relating to the enforcement of this Agreement, provided, however, that if subject matter jurisdiction does not exist in the Federal District Court, the parties shall submit to the jurisdiction [of] the State of Oregon Circuit Court, County of Multnomah.

Agreement ¶ 14.

Substantively, the Agreement required DEV to pay NPC a substantial amount of money, with the largest by far of several installments due no later than December 31, 1990. *Id.* ¶ 7. DEV further agreed to remove the printing press it sold to NPC from NPC's Kent plant on or before the same date. *Id.* at ¶ 2. In return, NPC promised to maintain the press in operable condition until removal by DEV. *Id.* at ¶¶ 2, 3, 6.

On November 30, 1990, only one month before its obligation to pay NPC the majority of the settlement sum due under the Agreement, DEV filed this lawsuit in the Circuit Court of Cook County, Illinois (which NPC promptly removed to federal court). The complaint alleges that NPC failed to properly maintain the press, and thus breached the Agreement. On December 20, 1990, NPC filed its own suit in Oregon alleging that DEV's failure to pay the settlement installment similarly constituted a breach of the Agreement. *See*

---

**1.** The Agreement is confidential. We permitted NPC to file a copy of the Agreement under seal, and we will directly quote only from ¶ 14, the

*Transcontinental West Printing, Inc. v. DEV Indus., Inc.*, No. CV90–1336 FR (D.Or.1990).

## II.

The Seventh Circuit recently reiterated the enforceability of forum selection clauses. *Northwestern Nat'l Ins. Co. v. Donovan*, 916 F.2d 372, 376–77 (7th Cir.1990). In *Donovan*, the indemnification agreement signed by the parties contained the following clause: "Venue, at the Company's option for litigation and/or arbitration, shall be in the County designated on the front page under the description of the Company's address." *Id.* at 374. That county was Milwaukee County, Wisconsin. *Id.* As Judge Posner recognized, the clause was "not as clear as it could be"; in fact, he suggested that " 'In the event of litigation or arbitration, the undersigned consents to suit, at Northwestern's option, in Milwaukee County' " would be preferable. *Id.* at 376. Nevertheless, the court held the provision to be a valid, enforceable forum selection clause. *Id.* at 376–77, 378. "There would be no point," Judge Posner wrote, "to a clause that placed venue in Milwaukee County at Northwestern's option but left the defendants free to object that they were outside the court's jurisdiction. On that reading, what did Northwestern gain by inserting the clause in the indemnity agreement?" *Id.* at 377.

We do not find persuasive DEV's argument that ¶ 14 of the Agreement is a "permissive" forum selection clause. That reading, as NPC correctly points out, "simply overlooks the mandatory nature" of ¶ 14 ("shall submit"), and the Seventh Circuit's teaching in *Donovan.* Indeed, why would NPC (like Northwest in *Donovan* the party for whose benefit the clause at issue was intended) negotiate a contractual provision that could be voided at easily as DEV argues it could?

A forum selection provision warrants closer judicial scrutiny than any other contractual clause only if "the possibility of

forum selection clause (as NPC did in its reply memorandum).

adverse effects on third parties" is more than slight. *Donovan,* 916 F.2d at 376. Coupled with the fact that similar litigation is currently pending in Oregon, any third party effects here actually mitigate toward transferring venue. Both Paul Lefler, NPC's employee charged with maintaining the press during the relevant time period, and Curt Ronning, DEV's consultant who inspected the press on February 11, 1991, live in the Seattle area. NPC's Reply Memo at 6; Affidavit of Yvan St. Germain at ¶¶ 2–4. Other potential witnesses named by DEV, all residents of Illinois, are DEV employees whose presence can be obtained by DEV; they do not figure into the "third party inconvenience" calculus. 15 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3851, at 423 & n. 7 (1986) (citing cases).

Consolidation of related litigation, moreover, strongly counsels granting NPC's transfer motion. *Keppen v. Burlington N. R.R.,* 749 F.Supp. 181, 184 (N.D.Ill.1990) ("The most significant factor favoring transfer ... is the existence of related litigation in the transferee forum."). NPC's suit for breach of the Agreement is pending in Oregon, and to "avoid duplication of effort by the courts and litigants," *id.,* transfer of this matter to Oregon is appropriate. DEV's argument that NPC filed the Oregon suit only *"after* DEV filed this action" and then "merely as a tool to attempt transfer of this case," DEV Memo at 8 (emphasis in original), strikes us as sour grapes. We will not penalize NPC for abiding by the terms of the Agreement and bringing litigation related to the Agreement in Oregon.

### III.

The parties expend no little effort making additional arguments for and against the merits of transfer, but we need not address those contentions. The forum selection clause is valid and binding, and consolidation of this action with related matters pending in Oregon would by itself justify transfer. We grant NPC's motion to transfer venue to the United States District Court in Oregon; NPC's motion to dismiss for lack of personal jurisdiction is thus moot. It is so ordered.