**A.C. SUDDUTH, Edgar L. Cato, Lawrence H. Cornelius, John Duby, Richard J. Foley, Clois L. Hanus, James Leroy Hebert, Gerald W. Mayeaux, Plaintiffs,**

v.

**OCCIDENTAL PERUANA, INC., Occidental Exploration and Production Company and Occidental International Exploration and Production Company, Defendants.**

No. 1:98CV1879.

United States District Court,
E.D. Texas,
Beaumont Division.

Oct. 13, 1999.

Jack G. Neal, Roanoke, TX, for plaintiffs.

Eugene Silva, Houston, TX, for defendants.

### MEMORANDUM AND ORDER

JOE J. FISHER, District Judge.

CAME ON BEFORE THE Court this day to be considered Defendants', Occidental Peruana, Inc. ("Oxy Peruana"), Occidental Exploration and Production Company ("OE & PC"), and Occidental International Exploration and Production Company ("OIE & PC"), Motion to Enforce Forum Selection Clause Or In The Alternative, To Dismiss On *Forum Non Conveniens* Grounds, the Plaintiffs' Responses thereto, and the Defendants' Reply. This Court, having considered the Defendants' Motion and Reply To Enforce Forum Selection Clause and the Plaintiffs' Response, as well as the argu-

ment of counsel, denies the enforcement of the Forum Selection Clause because Plaintiffs would be denied their day in court. This Court, having considered the Defendants' Motion to Dismiss on *Forum Non Conveniens* Grounds, hereby denies the motion after a careful balancing of public and private interests and the proper deference was given to the Plaintiffs' choice of forum.

## I. FACTUAL HISTORY

This suit arises out of international employment contracts in which the Plaintiffs were employed in the United States by Defendant OE & PC to perform work in the Peruvian jungle for its subsidiary, Oxy. Plaintiffs, A.C. Sudduth, Edgar L. Cato, Lawrence H. Cornelius, Clois L. Hanus, and Gerald W. Mayeaux are citizens and residents of Texas. Plaintiffs Richard J. Foley and James Leroy Hebert are citizens and residents of Louisiana. During 1979, Plaintiff John Duby was a resident and citizen of Texas; however, he is currently a citizen and resident of New Mexico. Before dispatch to Peru, OE & PC mailed each Plaintiff two documents detailing the terms of their employment to their respective home addresses in the United States. One document was written entirely in the Spanish language, herein called the "Contract", and the other was purportedly an English interpretation of the document, herein called the "Agreement." Each Plaintiff was instructed to sign the Contract and informed that a letter of explanation, the Agreement, would be forthcoming. The inconsistencies and discrepancies of the two documents are now at issue.

The Spanish document contained a forum selection clause electing Peru as the choice of forum and listed benefits provided by Peruvian Labor Law § 4916.[1] The

Plaintiffs were not aware of the additional benefits provided in the Contract, which included two months paid vacation time for every year they worked. Defendants acknowledged that regardless of the validity of the contract, Plaintiffs have a right to seek labor law benefits without a contract. The Plaintiffs have initiated suit in the Eastern District of Texas to collect the unpaid benefits.

Defendants claim the purpose of the Contract was to obtain work visas for the Plaintiffs and assert it was never intended to confer additional benefits on the Plaintiffs. However, for the purpose of this suit, Defendants seek to enforce the forum selection clause and claim Plaintiffs waived their right to sue in the United States by signing the Contract. This Court reserves the issue of the validity of either documents.

## II. DISCUSSION

### A. Forum Selection Clause

▆ Presumptively, federal courts should enforce forum selection clauses in international transactions because of the interests of international comity and out of deference and proficiency of foreign courts. *Haynsworth v. Corporation,* 121 F.3d 956, 962 (5th Cir.1997). However, the enforceability presumption can be overcome by a clear showing that the clause is unreasonable under the circumstances. *Bremen v. Zapata Off–Shore Co.,* 407 U.S. 1, 92 S.Ct. 1907, 1913, 32 L.Ed.2d 513 (1972). Unreasonableness potentially exists where (1) the incorporation of the forum selection clause into the agreement was the product of fraud or overreaching; (2) the party seeking to escape enforcement "will for all practical purposes be deprived of his day in court" because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental

---

1. The Spanish Contract included the following forum selection clause:
   Seventh.—Both parts, contractors, do renounce expressly to the jurisdiction of their address and will be subjected to the juris-

dictions of the judges and tribunals of the Province of Lima, Peru for the effects of the present contract and other benefits arising from the same.

unfairness of the chosen law will deprive the plaintiff of a remedy; or (4) enforcement of the forum selection clause would contravene a strong public policy of the forum state. *Haynsworth v. Corporation,* 121 F.3d 956, 963 (5th Cir.1997); *Carnival Cruise Lines, Inc. v. Shute,* 499 U.S. 585, 111 S.Ct. 1522, 1528, 113 L.Ed.2d 622 (1991). Because the Plaintiffs are resisting enforcement of the forum selection clause, they bear a "heavy burden of proof." *Bremen,* 92 S.Ct. at 1917.

This Court recognizes the history of the United States Supreme Court's enforcement of forum selection clauses in the international context. See *Bremen v. Zapata Off–Shore Co.,* 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972), *Carnival Cruise Lines, Inc. v. Shute,* 499 U.S. 585, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991); *Haynsworth v. Corporation,* 121 F.3d 956, 963 (5th Cir.1997). However, the facts in this case strongly support a finding of unreasonableness. The Plaintiffs would "for all practical purposes be deprived of their day in court" because of the grave inconvenience or unfairness of trying the case in Peru. This Court determines this issue by turning to these two leading cases by the United States Supreme Court. *Id.* Specifically, the cases state that the application of the general rule of upholding forum selection clauses would not be followed if the contract required two Americans to resolve their dispute in a remote, alien forum. *Bremen,* at 1917; *Carnival Cruise* at 1526.

In *The Bremen,* an American company contracted with a German corporation to tow a drilling rig from Louisiana to Italy where the former had agreed to drill certain wells. *Bremen* at 1907. A provision in the contract required that if a dispute arose that the suit would be litigated in the English courts. The Court upheld the enforceability of the forum selection clause on the grounds that it was a vital part of the contract and respondent failed to meet his burden of showing unreasonableness. *Id.* The Court found compelling reasons for the private, international agreement, unaffected by fraud, undue influence and overweening bargaining power to be enforced. *Id.* at 1914. Additionally, the Court found it apparent that the two competent parties were looking for a neutral forum for resolution of a dispute. *Id.* The case at bar is distinguishable because Peru is not a neutral forum. In fact, the Defendants have contacts in Peru, including a subsidiary regularly conducting business in Peru. The Plaintiffs would be the only party financially and physically burdened by the requirement of litigation in Peru.

Further, evidence does not conclusively establish that both parties had equal bargaining power and freedom of contract. This suit involves an individual person versus a corporation as opposed to two corporations choosing an unrelated forum. The Plaintiffs were looking for employment and the Defendants required them to sign both documents in order to work. The Plaintiffs were each required to sign a document written in a foreign language, which required them to give up their right to sue in their own country. Further, the Contract forces the Plaintiffs to sue in Peru, despite the fact that once the job was completed and they were transported back to the United States, they would, in all probability, be unable to afford to travel back to Peru for purposes of litigation. Indeed, they could not even prepare to travel to Peru because they were unaware of the forum selection clause requiring them to litigate any cause of action against their employer in Peru. Defendants own expert admitted that Plaintiffs would be entitled to Peruvian benefits regardless of the existence of a contract under Peruvian law; however, obstinately refuses to compensate the Plaintiffs according to the employment Contract. A contract they provided to the Plaintiffs. Further, Defendants repeatedly take an inconsistent view because they protest the benefits in the Contract while seeking to enforce the forum selection clause in the very same agreement.

*The Carnival Cruise* case involves a cruise line dispute with its passengers. *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 111 S.Ct. 1522, 1524, 113 L.Ed.2d 622 (1991). Each passenger signed a form contract ticket, requiring then to litigate any dispute in Florida. *Id.* The Plaintiffs purchased cruise tickets through their travel agent in Arlington, Washington who forwarded the payment to the cruise line's headquarter's in Miami, Florida. *Id.* The Plaintiffs claimed they were financially and physically incapable of traveling to Florida for litigation and in effect, deprived of their day in court. However, the Court noted the difference of a passage contract and the impossibility of each passenger negotiating the terms of the contract with the cruise line. *Id.* at 1527. The Court also stated that it "was not dealing with an agreement between two Americans to resolve their essentially local dispute in a remote alien forum," and that in such a case, "the serious inconvenience of the contractual forum to one or both of the parties might carry greater weight in determining the reasonableness of the forum clause." *Id.*

The case at hand presents the exact issue of the enforcement of a forum selection clause which requires two American parties to resolve their dispute in an alien forum. A limited employment contract was entered into by California based Defendants and the Plaintiffs. The Defendants provided transportation to and from the foreign country and were fully aware that the only contact the Plaintiffs had with the forum was the completion of the project. All material facts and witnesses are located in the United States. The contracts were mailed from California to Texas and Louisiana, a majority of the documents were signed in Texas, and the breach of contract occurred when the correct salary due was not placed in the Plaintiffs' bank accounts. In addition: the Plaintiffs' employment was initially sought within the United States; Plaintiffs worked in Peru for a limited time period; salaries were paid by United States banks;

transportation to and from South America was paid by the Defendants; and an inconvenient forum was surreptitiously chosen by the Defendant. This Court holds the Plaintiffs will be "deprived of their day in court" because of the grave inconvenience and unfairness in the enforcement of the forum selection clause. The inconvenience of trying this case extends past the difficulties in travel. Plaintiffs' financial status and failing health require that the case should be tried in the Eastern District of Texas. Plaintiffs have shown that Plaintiff Cato cannot travel to Peru due to his health. In addition, there is evidence that six of the eight Plaintiffs cannot afford the cost of travel to Peru, the expense of a trial in Peru, and the heavy burden of requiring a translator to translate communications between the Peruvian attorney and at the trial proceedings. (Plaintiff's Exhibits 6, 7, 8, 9, 10, 11, 12). The enforcement of the forum selection clause would be unfair because it would require every American party to travel to a foreign country to litigate an essentially local dispute.

▪ Plaintiffs contend the forum selection clause was obtained by fraudulent and overreaching conduct. According to well-settled case law, in order to deny the enforcement of a forum selection clause, the fraudulent conduct must be specifically aimed at the forum selection clause and/or choice of law clause. *Haynsworth*, 121 F.3d 956, 963. Allegations of such fraudulent conduct as to the contract as a whole or portions of it are insufficient to void the clause. *Id.* The Fifth Circuit refuses to judge the soundness of the forum selection clause by what the Court believes to be the merits of the underlying contract. *Afram Carriers, Inc. v. Moeykens*, 145 F.3d 298, 300 (5th Cir.1998). Any allegations that the entire contract was procured as the result of overreaching or fraud are "inopposite to a forum selection clause enforceability determination, which must .... precede any analysis of the merits of the contract's validity." *Id.* at 301.

Therefore, this Court refuses to enforce the forum selection clause based on the unfairness of requiring American parties to litigate in an alien forum and not upon any fraudulent conduct on the part of the Defendants.

### B. The Motion To Dismiss Should Not Be Granted on *Forum Non–Conveniens*

■■■ *Forum non conveniens* requires a court to evaluate what injustice may result from an exercise of jurisdiction over a matter where the contacts between the forum and the dispute are insubstantial. *Perusahaan Umum Listrik Negara Pusat v. M/V Tel Aviv,* 711 F.2d 1231, 1236 (5th Cir.1983). Before exercising any discretion to deny access to a citizen to the courts of this country, this Court must receive positive evidence of unusually extreme circumstances and should be thoroughly convinced that material injustice is manifest. *Burt v. Isthmus Development Company,* 218 F.2d 353, 357 (5th Cir.1955).

■■■ A strong presumption exists in favor of a plaintiff's choice forum. *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 102 S.Ct. 252, 266, 70 L.Ed.2d 419 (1981). A plaintiff's choice of forum is entitled to greater deference when the plaintiff has chosen his home forum. *Id.* When a plaintiff chooses his home state as the forum state, it is reasonable to assume his choice is convenient. *Id.* However, if trial in the chosen forum would "establish ... oppressiveness and vexation to a defendant ... out of all proportion to plaintiff's convenience," or when the "chosen forum is inappropriate because of considerations affecting the court's own administrative and legal problems," the court, may, in its discretion, dismiss the case. *Koster* at 524. No oppressiveness or vexation to the Defendants have been shown by the Defendants. Therefore, based on these general principles this Court is inclined to deny the Defendants' Motion to Dismiss. However,

a discussion of the forum non conveniens analysis must be examined.

■■■ The forum non conveniens analysis involves a two-step inquiry. First, a Court should determine whether there exists another forum that is available to the litigants and would provide an adequate remedy to the prevailing party.[2] *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981). The Fifth Circuit has determined that Peru is an adequate forum for purposes of forum non conveniens rulings. *Torres v. Southern Peru Copper Corp.,* 965 F.Supp. 899, 903 (S.D.Tex.1996) aff'd. 113 F.3d 540 (5th Cir.1997). Therefore, this Court finds Peru to be an adequate forum.

The second step requires a balancing of both private and public interests. The central focus of the inquiry is convenience. *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 102 S.Ct. 252, 259, 70 L.Ed.2d 419 (1981).

### *Private Interest Factors*

■■■ Private interest factors include the relative ease of access to sources of proof, availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing witnesses, possibility of view of the premises, if appropriate to the action; and all other practical considerations that make trial of a case easy, expeditious and inexpensive, including the enforceability of any judgment that may be entered. *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055 (1947).

### 1. Compulsory Process

■■■ This factor supports the denial of the transfer based on *forum non conveniens.* The relative convenience to the witnesses is often recognized as the most important factor to be considered in ruling on a motion under § 1404(a) motion. *Electronic Transaction Network v. Katz,* 734 F.Supp. 492, 501 (N.D.Ga.1989); *Samin-*

---

**2.** Defendants have agreed to submit to the jurisdiction of the Peruvian Courts, to waive

any statute of limitations defense and have agreed to a conditional dismissal in this suit.

sky v. Occidental Petroleum Corp., 373 F.Supp. 257, 259 (S.D.N.Y.1974). It is the convenience of non-party witnesses, rather than that of employee witnesses, that is the more important factor and is accorded greater weight. Aquatic Amusement Assoc. v. Walt Disney World, 734 F.Supp. 54, 57 (S.D.N.Y.1990); DEV Indus., Inc. v. NPC, Inc., 763 F.Supp. 313, 315 (N.D.Ill. 1991); Designs by Glory v. Manhattan Creative Jewelers, 657 F.Supp. 1257, 1259 (S.D.N.Y.1987). In this situation, the Court has not been presented with any material non-party witnesses. The Plaintiffs and the employees of the Defendants are the material witnesses and appear to have the greatest knowledge of material information. In addition, parties can be compelled to present their employees regardless of location. DEV Indus. v. NPC, Inc., 763 F.Supp. 313, 315 (N.D.Ill.1991). Therefore, in the interest of convenience of all witnesses, this Court puts substantial weight on this factor favoring the Plaintiffs.

### 2. Cost of Obtaining Attendance of Witnesses

All of the material witnesses are located in Texas, Louisiana, New Mexico and California. This fact substantially favors the Plaintiffs' position because the cost for all parties to travel to Peru for litigation is considerable.

### 3. Accessibility and Location of the Sources of Proof

The motion and responses suggest that all operative facts occurred in Texas and Louisiana. The Court believes the necessary parties to this suit are employees from the Defendants' offices in Bakersfield, California and not the employees employed located in Peru. Further, the Court finds that the records of the Defendants are the best evidence of the issues regarding breach of contract and fraudulent conduct by the Defendants. The Defendants, OE & PC and OIE & PC, were incorporated under the laws of the state of California

and their principal place of business is also in the state of California. Defendant Oxy's principal place of business is in Peru. However, the Defendants' correspondence to the Plaintiffs listed Bakersfield, California as the address of the Defendants in the letterhead. Therefore, this factor favors maintaining the suit in the Eastern District of Texas.

### 4. Location of Counsel

Defense counsel is located Houston, Texas. Plaintiff's counsel is located in Roanoke, Texas. Counsel will have to travel regardless of the determination of venue, however, the cost and ease of access to this Court weigh heavily in favor of maintaining this suit in the Eastern District of Texas.

### 5. Accessibility of the Premises to Jury View

There is no evidence to suggest the jury needs access to the premises of the alleged incident. Therefore, this factor is inapplicable to the present case.

The balancing of the private interest factors lean strongly in favor of the Plaintiffs.

### Public Interest Factors

Public interest factors include the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty. Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981).

### 1. Relative Congestion of Courts' Dockets

Many courts are congested and this factor does not favor either position.

### 2. Community's Nexus to This Lawsuit

This case is essentially a local contract dispute involving American citizens. The public has an interest in protecting the rights of its fellow citizens and would not impose an undue burden on this Court or its citizens. No unfairness would result from the potential burdening of citizens required to report for jury duty. The documents were mailed into the Eastern District of Texas, most Plaintiffs were required to sign the documents in the state of Texas, and the breach took place in Texas when no payment was made into the bank accounts of the citizens of Texas and of the Eastern District of Texas. The case arises from a contract dispute, a contract was signed in the United States and correspondence was between Defendant's home offices in California to the Plaintiff's residences in Texas, Louisiana and New Mexico.

### 3. Problems in the Application of Foreign Law

At issue in this case is the Peruvian law for employment benefits. The translation of Spanish law and of any necessary documents is factor that could affect the ease and expense of trial. However, the Spanish document at issue is already translated into English. And as the *Burt* Court so insightfully stated, despite the difficulties in the application of foreign law, the need to do so often occurs. *Burt v. Isthmus Development Company*, 218 F.2d 353, 357 (5th Cir.1955). Federal courts often encounter the difficulty of determining the law of even the state in which they sit. *Id.* However, the need arises for federal courts to interpret law and this Court has the ability to do so in the case, if that need arises.

Therefore, a careful balancing of the public interests and private interests factors and after appropriate credence to the Plaintiff's choice of forum, this Court DENIES Defendant's Motion to Dismiss.

### III. Conclusion

Accordingly, the Court having considered the Defendants' Motions and the Plaintiffs' Responses thereto, as well as the argument of counsel, is of the opinion that the Defendants' Motion to Enforce the Forum Selection Clause should be DENIED, and that Defendants' Motion to Dismiss on *Forum Non Conveniens* Grounds should be DENIED after a balancing of the public and private interests.

Therefore, it is hereby ORDERED, ADJUDGED and DECREED that the Defendants' Motions to Enforce the Forum Selection Clause and To Dismiss on *Forum Non Conveniens Grounds* should be DENIED.