RYMER, Circuit Judge,
concurring in part, dissenting in part:
I agree that conditions on dismissal might be appropriate. However, I would not re-analyze whether to dismiss on grounds of forum non conveniens from scratch, because dismissals for forum non conveniens may be reversed only when there has been a clear abuse of discretion. Creative Tech., Ltd. v. Aztech Sys. Pte, Ltd., 61 F.3d 696, 699 (9th Cir.1995). The district court considered the relevant public and private interest factors, its findings are supported in the record, and its balancing of these factors was not unreasonable. Thus, its decision deserves substantial deference. See id.
I
In light of that standard, Cariajano has not persuaded me that the district court made a clear error of judgment when it determined that Peru is an adequate alternative forum. “[A] forum will be inadequate only where the remedy provided is ‘so clearly inadequate or unsatisfactory, that it is no remedy at all.’ ” Tuazon v. R.J. Reynolds Tobacco Co., 433 F.3d 1163, 1178 (9th Cir.2006) (quoting Lockman Found. v. Evangelical Alliance Mission, 930 F.2d 764, 768 (9th Cir.1991)).
In short, Occidental is amenable to service of process in Peru, and furnished evidence that Peru provides “some remedy” for the wrong at issue. Lueck v. Sundstrand Corp., 236 F.3d 1137, 1143 (9th Cir.2001). Occidental submitted a comprehensive affidavit from Dr. Felipe Osterling Parodi (Osterling), who has been a Peruvian law professor for more than 50 years and who has served as a law school dean, Peruvian Justice Minister, a Senator for the Republic of Peru, and President of the Peruvian Academy of Law. Osterling detailed the background of the Peruvian court system and explained the substantive claims and remedies that would be available under Peruvian law with respect to the wrongs Cariajano alleges.
Although Cariajano notes that Peru has no cause of action identical to his UCL claim, this is not necessary so long as that country provides some remedy for the alleged wrong. See Lueck, 236 F.3d at 1143 (upholding New Zealand as an adequate alternative forum even though plaintiffs were unable to maintain the exact suit they would have in a U.S. court); Capital Currency Exch., N.V., v. Nat’l Westminster Bank PLC, 155 F.3d 603, 610 (2d Cir.1998) (“The availability of an adequate alternate forum does not depend on the existence of an identical cause of action in the other forum.”) (quotation omitted). Osterling avers that it does. He explained that Peruvian law has analogies for all of the substantive legal theories on which the lawsuit in Los Angeles is based. The district court explicitly relied on Osterling’s affidavit, which it was entitled to do. See Cheng v. Boeing Co., 708 F.2d 1406, 1410-11 (9th Cir.1983) (upholding district court’s determination that Taiwan was an adequate forum when it considered the affidavits of competing experts and decided that the views of the defendant’s expert were more persuasive).
In a similar vein, Cariajano faults the district court for having failed to find that Amazon Watch would lack standing in Peru. But there was no evidence that Amazon Watch would not have standing, or would otherwise be unable to pursue its *1159 claims for injunctive and declaratory relief in that country. Osterling’s affidavit indicates that actions whose objective is the defense of the environment may be brought in Peru by any person or association, even when an economic interest is not at stake.
As the Supreme Court stated in Piper Aircraft Co. v. Reyno, only in “rare circumstances” would a “remedy offered by the other forum [be] clearly unsatisfactory.” 454 U.S. at 240, 255 n. 22, 102 S.Ct. 252. Here, Peru permits litigation on the subject matter of the dispute, and there is no indication Amazon Watch would be unable to pursue its claim there. The defendant need not demonstrate that the plaintiff would succeed in the alternative forum; Occidental merely had to show that Peru would permit litigation on the subject matter of the dispute. Id.
Because a forum will only be deemed inadequate in “rare circumstances,” once a defendant has demonstrated he is amenable to process and “some remedy” exists for the alleged wrong, “[a] litigant asserting inadequacy or delay must make a powerful showing.” Tuazon, 433 F.3d at 1179. Cariajano’s claims center on whether the law in Peru would be unpredictable, corruption in the judicial system, and discrimination against indigenous people.
Cariajano maintains that the district court failed to support the weight it gave to unpredictability of the law as a factor. However, the court was persuaded by Osterling’s affidavit that, although Peru is a civil law country, precedent is respected in the overwhelming majority of cases.
After analyzing Cariajano’s purported evidence of corruption, the district court concluded that it falls short of the “powerful showing” necessary to defeat a forum non conveniens motion. See Tuazon, 433 F.3d at 1179 (“[T]he argument that the alternative forum is too corrupt does not enjoy a particularly impressive track record.”) (citations and quotation and alteration marks omitted). The proof here is neither “specific” nor “sordid.” Id. (contrasting the proof under review with Eastman Kodak Co. v. Kavlin, 978 F.Supp. 1078 (S.D.Fla.1997)). The district court did not overlook the evidence presented; it just concluded that the evidence consisted of unsupported allegations of corruption that did not counsel in favor of Cariajano. Cariajano has not shown that the district court relied on either an erroneous view of the law or on a “clearly erroneous assessment of the evidence” in holding that Cariajano’s evidence of corruption was insufficient to render Peru an inadequate alternative forum. See K.V. Mart Co. v. United Food & Commercial Workers Int’l Union, Local 324, 173 F.3d 1221, 1223 (9th Cir.1999) (quotation omitted).
Nor did the district court believe that claims of discrimination can never render a forum inadequate, as Cariajano submits; rather, it simply held that Cariajano’s conclusory allegations and claims of discrimination were not sufficient to render a Peruvian forum inadequate. Although Cariajano argues that some plaintiffs lacked identity papers necessary to bring suit and would be unable to afford filing fees, the district court credited Osterling’s opinion that Peru had taken substantial steps to protect indigenous rights, including waiving filing fees and allowing plaintiffs to bring suit if they demonstrate their inability to obtain identity papers. Altmann v. Austria, 317 F.3d 954, 972-73 (9th Cir.2002), aff'd on other grounds, 541 U.S. 677, 124 S.Ct. 2240, 159 L.Ed.2d 1 (2004) (observing that the “mere existence of filing fees, which are required in many civil law countries, does not render the forum inadequate as a matter of law.”).
Cariajano further contends that Occidental’s contract clauses that explicitly *1160 avoid Peruvian courts (like arbitration and forum selection clauses) demonstrate that Peru is an inadequate forum. However, available evidence demonstrates that OxyPeru actually used forum selection clauses favoring Peru in the past, see Sudduth v. Occidental Peruana, Inc., 70 F.Supp.2d 691, 694 (E.D.Tex.1999), and OxyPeru has been sued many times in Peruvian courts.
II
I cannot say that the district court abused its discretion in weighing the public and private interest factors. It took into account that 25 out of the 26 plaintiffs are Peruvian and that Amazon Watch is only one plaintiff on one out of the 12 causes of action. Amazon Watch was not originally a plaintiff in California state court, having been added only after the Peruvian plaintiffs learned that Occidental was going to move for dismissal based on forum non conveniens. The court could find that these circumstances lessen the deference due to the plaintiffs’ choice of forum.
The district court could also find, as it did, that the facts of the case center primarily on Peruvian lands and Peruvian people. It found that many witnesses, including family members and community leaders, physicians, and consultants, are beyond the reach of compulsory process in the United States. Cariajano asserts the court abused its discretion by not specifically stating which witnesses would be unwilling to travel to the United States, but it can be “difficult to identify” specific individuals when many witnesses “are located beyond the reach of compulsory process.” Piper Aircraft, 454 U.S. at 258, 102 S.Ct. 252. Here, as in Lueck, it appears that most of the evidence in the United States would be under the control of Occidental (or alternatively, Amazon Watch), and therefore could be produced no matter what the forum. Lueck, 236 F.3d at 1146-47 (noting that private factors favored dismissal where evidence in the United States was under both parties’ control, and evidence in New Zealand could not be summoned to the United States). Finally, the district court’s balancing is supported by evidence that a trip from the Achuar territory to a Peruvian city is shorter and less costly than that trip followed by a 16-20 hour flight to Los Angeles.
The district court considered the strong interest of both Peru and California in this dispute, but weighted Peru’s more heavily given that the suit involves Peruvian land and citizens. This is not a clearly erroneous assessment as both the alleged tort, and injury, occurred there.
III
Cariajano suggests that more discovery may have mattered, but has not made a clear showing of actual and substantial prejudice sufficient to demonstrate the district court abused its discretion by denying additional discovery. Cariajano simply argues that the parties produced contradictory evidence and speculates that additional discovery might have helped its case. But Cariajano’s extensive recitation of the evidence it presented in district court demonstrates the court did have enough information to balance the parties’ interests. Even when it’s possible that discovery might have provided more detail, a district court does not abuse is discretion in denying discovery if the parties have provided “enough information to enable the District Court to balance the parties’ interests.” Cheng, 708 F.2d at 1412 (quoting Piper Aircraft, 454 U.S. at 258, 102 S.Ct. 252).
IV
While conditions on dismissal are generally not necessary in a forum non conveniens dismissal, they may be necessary to *1161 ensure that the defendant does not defeat the adequacy of a foreign forum. Leetsch v. Freedman, 260 F.3d 1100, 1104 (9th Cir.2001). Conditions such as accepting service, submitting to the jurisdiction, waiving the statute of limitations, making discovery, and agreeing to enforceability of the judgment may be appropriate here. I would, therefore, remand for the court specifically to consider whether its dismissal should be conditioned. Otherwise, I would affirm.